UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY

**WILENTZ, GOLDMAN & SPITZER, P.A.**
90 Woodbridge Center Drive
Suite 900, Box 10
Woodbridge, NJ  07095
732-636-8000
DAVID H. STEIN, ESQ.
*Attorneys for Debtor/Plaintiff*

| | |
|---|---|
| In Re:<br><br>DUKAT, LLC,<br><br>       *Debtor-in-Possession.* | Case No.:  21-14934 (KCF)<br><br>Judge:  Hon. Kathryn C. Ferguson<br><br>Chapter 11 (Subchapter V) |
| DUKAT, LLC,<br><br>       Plaintiff,<br>v.<br><br>TARVISIUM HOLDINGS, LLC and 45N12E, LLC,<br><br>       Defendants. | Adv. Pro. No: |

**ADVERSARY COMPLAINT TO EXTEND THE AUTOMATIC STAY UNDER 11 U.S.C. § 362(a), FOR INJUNCTIVE RELIEF PURSUANT TO 11 U.S.C. § 105(a), FOR DAMAGES FOR WILLFUL VIOLATION OF THE AUTOMATIC STAY AND FOR EQUITABLE SUBORDINATION OF ANY CLAIM**

      Dukat, LLC, the plaintiff in the above-captioned adversary proceeding (the "Debtor"),

hereby brings this adversary complaint (the "Complaint") and alleges as follows:

### NATURE OF THE ACTION AND RELIEF SOUGHT

      1.    This is an adversary proceeding commenced by the Debtor pursuant to sections

105(a) and 362(a) title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (as amended, the

#12399245.1 172932/001

"Bankruptcy Code"), Rule 7001(7) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Rule 65 of the Federal Rules of Civil Procedure (the "Federal Rules"), made applicable hereto by Bankruptcy Rule 7065, seeking (i) extension of the automatic stay under section 362(a) of the Bankruptcy Code to the Non-Debtor Defendants (as defined below), (ii) injunctive relief under section 105(a) of the Bankruptcy Code to enjoin the above-captioned defendant parties from continuing that certain action instituted by Tarvisium Holdings, LLC and 45N12E, LLC (together, the "Defendants") against the Debtor and several other co-defendants, including the Debtor's Managing Member, Elliott Kattan, and Mourad ("Mitch") Kattan (together, the "Non-Debtor Defendants") in the United States District Court for the Western District of Missouri, which case is docketed as Case No. 4:19-cv-00086 (the "Court Action"), during the pendency of this chapter 11 case, (iii) for damages for willful violation of the automatic stay, and (iv) for equitable subordination of any claim.

2.      It is clear that the Defendants are stayed by section 362(a) of the Bankruptcy Code from attempting to collect pre-petition debts from the Debtor in the Court Action. The Defendants likewise should be enjoined under the Bankruptcy Code and the Federal Rules of Civil Procedure from continuing the action against the Non-Debtor Defendants because such efforts (i) will have the effect of an action against the Debtor itself, and (ii) will cause significant interference with, and impairment of, the Debtor's efforts to reorganize.

3.      In conjunction with this Complaint, the Debtor has filed a motion (the "Preliminary Injunction Motion"), seeking the entry of an order extending the automatic stay to the Non-Debtor Defendants and preliminarily enjoining the Court Action.

2

4.      This adversary action presents the requisite "unusual circumstances" that justify extension of the automatic stay and demonstrate the Debtor's entitlement to injunctive relief.

5.      The relief sought by the Debtor is critical to the Debtor's ability to preserve the assets and value of the Debtor's enterprises and to implement a plan of reorganization, for the benefit of all creditors.

**THE PARTIES**

6.      Plaintiff Dukat, LLC is a debtor and debtor in possession before this Court.

7.      Defendant Tarvisium Holdings, LLC ("Tarvisium") is a Florida limited liability company. Tarvisium is a plaintiff in the Court Action.

8.      Defendant 45N12E, LLC ("45N12E") is a Delaware limited liability company. 45N12E is a plaintiff in the Court Action.

**JURISDICTION AND VENUE**

9.      This action is brought pursuant to Bankruptcy Rule 7001(7) and seeks relief in accordance with §§ 362 and 105(a) of the Bankruptcy Code.

10.      This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before this Court pursuant to 28 U.S.C. § 1409. The Debtor consents to the entry of final orders or judgments by this Court if it is determined that this Court, absent consent of the parties, cannot enter final orders or judgment consistent with Article III of the United States Constitution.

11.      This Court has personal jurisdiction over each of the Defendants.

#12399245.1 172932/001

## FACTUAL ALLEGATIONS

12.     On June 16, 2021 (the "Petition Date"), the Debtor filed a petition for relief under chapter 11 of the Bankruptcy Code. The Debtor is authorized to continue to operate its business and manage its properties as debtor in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. Mark J. Politan has been appointed as the Subchapter V trustee. No examiner has been appointed in the chapter 11 case.

13.     As of the Petition Date, the Debtor was a defendant in litigation currently pending in Missouri. Specifically, prior to the Petition Date, in February 2019, the Defendants filed the Court Action against the Debtor and the Non-Debtor Defendants alleging various claims including, inter alia, breach of contract, breach of the covenant of good faith and fair dealing, fraudulent and negligent inducement/misrepresentation and tortious interference.

14.     The nature of the allegations in the Court Action is such that a finding of liability on the part of one Non-Debtor Defendant could implicate another defendant, including the Debtor. For example, even where the Defendants allege that a specific Non-Debtor Defendant engaged in some wrongdoing, the action seeks to hold all defendants, including the Debtor, liable for the wrongdoing.

15.     On June 16, 2021, counsel for Defendants was notified of the Debtor's Chapter 11 case and that, under 11 U.S.C. §362(a), creditors may not take any action against the Debtor or the Debtor's property to collect any debt; enforce any lien on the Debtor's real or personal property; repossess any property in Debtor's possession; discontinue any service or benefit currently being provided to the Debtor; and that violation of these prohibitions may be considered contempt of Court.

4

#12399245.1 172932/001

16.     On June 17, 2021, a Suggestion of Bankruptcy was filed on the docket in the Court Action by counsel for Defendants.

17.     On June 17, 2021, an Order imposing sanctions against the Debtor and the Non-Debtor Defendants was entered in the Court Action.

18.     On June 18, 2021, counsel for Defendants filed a motion for attorneys' fees in the Court Action.

19.     Allowing the Defendants to proceed with the Court Action against the Non-Debtor Defendants would allow the Defendants to indirectly do what the Bankruptcy Code prohibits them from doing directly, and would impose significant litigation burdens on a bankrupt company, which should instead be focusing its efforts on reorganization.

20.     The causes of action alleged against the Debtor and Non-Debtor Defendants in the Court Action are such that testimony, evidence, factual findings or judgments may implicate liability and/or adversely impact the Debtor.

21.     The Debtor is an indispensable party to the Court Action, and if the Court Action proceeds without the Debtor, the Debtor could arguably be collaterally estopped from re-litigating critical factual and legal issues.

22.     Even where issues are decided in favor of the Non-Debtor Defendants, there is a possibility that substantially identical issues will have to be re-litigated, creating a risk of duplication and inconsistent judgments.

23.     The necessary involvement of Elliott Kattan ("Mr. Kattan"), the Managing Member of the Debtor, Mitch Kattan and the Debtor in protracted and burdensome discovery and ongoing litigation will unquestionably detract from the Debtor's efforts to reorganize.

#12399245.1 172932/001

24.     Enjoining the  Court Action against the Non-Debtor Defendants is essential to the Debtor's ability to reorganize and will not harm the Defendants, who will be able to pursue their claims against the Debtor in the bankruptcy case after the conclusion of the bankruptcy case.

25.     In contrast, if the automatic stay is not extended or the continued prosecution of the Court Action is not enjoined, the Debtor is likely to suffer irreparable harm, because, among other things:

(a)     There is such identity of interest between the Non-Debtor Defendants and the Debtor that the continuation of the Court Action against the Non-Debtor Defendants is essentially a continuation of the action against the Debtor;

(b)     The continued prosecution of the claims against the Non-Debtor Defendants in the Court Action will require the Debtor, Mr. Kattan and Mitch Kattan to expend time and resources participating in the litigation, notwithstanding the fact that such Court Action is stayed as against the Debtor, to the detriment of the Debtor's reorganization efforts; and

(c)     The Debtor could be subject to substantial collateral estoppel risks (due to respondent superior, agency, or similar allegations), which will effectively compel the Debtor to actively participate in the  Court Action, with substantial cost to the Debtor and distraction of its management, particularly Mr. Kattan and Mitch Kattan.

## CLAIMS FOR RELIEF

## COUNT I

## EXTENSION OF AUTOMATIC STAY

26.    Debtor repeats and realleges the allegations contained in paragraphs 1 to 25 of this Complaint as if fully set forth herein.

27.    Sections 362(a)(1) of the Bankruptcy Code operates as a stay, "applicable to all entities," of "the commencement or continuation . . . of a judicial, administrative, or other action or proceeding against the debtor that was or could have been commenced before the commencement of the case under this title, or to recover a claim against the debtor that arose before the commencement of the case under this title." 11 U.S.C. § 362(a)(1).

28.    Section 362(a)(3) of the Bankruptcy Code operates as a stay, "applicable to all entities," of "any act to obtain possession of property of the estate or of property from the estate or to exercise control over property of the estate." 11 U.S.C. § 362(a)(3).

29.    As set forth above, unusual circumstances exist that require extension of the automatic stay to the Non-Debtor Defendants.

30.    Because (i) the Debtor, Mr. Kattan and Mitch Kattan will be required to divert their attention from the Debtor's reorganization, (ii) any judgment entered against the Non-Debtor Defendants would in practical effect constitute a judgment against the Debtor, and (iii) continuation of the Court Action would adversely impact the Debtor's reorganization efforts, the Debtor is entitled to an Order extending the automatic stay under section 362 of the Bankruptcy Code to the Non-Debtor Defendants.

7

#12399245.1 172932/001

## COUNT II

### SECTION 105 INJUNCTIVE RELIEF

31.    Debtor repeats and realleges the allegations contained in paragraphs 1 to 30 of this Complaint as if fully set forth herein.

32.    Section 105(a) of the Bankruptcy Code provides that "[t]he court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." Relief under section 105 of the Bankruptcy Code is particularly appropriate in a chapter 11 case when necessary to protect a debtor's ability to effectively confirm a plan and preserve e property.

33.    Debtor is entitled to injunctive relief under section 105(a) of the Bankruptcy Code, enjoining the Defendants from proceeding against the Non-Debtor Defendants in the Court Action.

34.    Unusual circumstances exist that demonstrate that the Debtor is entitled to such injunction.

35.    In addition to depleting assets of the Debtor, continuation of the Court Action will divert the attention and resources of key persons who are critical to the Debtor's ability to successfully emerge from chapter 11.

36.    In addition, any harm suffered by the Defendants in delaying their ability to pursue claims against the Non-Debtor Defendants is vastly outweighed by the harm that would be suffered by the Debtor in the absence of an injunction.

37.    The Debtor is also entitled to injunctive relief pursuant to Federal Rule of Civil Procedure 65 as: (a) the Debtor has a substantial likelihood of successfully reorganizing, (b)

#12399245.1 172932/001

there is a substantial risk of irreparable harm to the Debtor if the automatic stay is not extended, (c) the harm to the Debtor outweighs the potential harm to the Defendants presented by the delay in adjudicating their claims, and (d) injunctive relief would not violate the public interest but would, instead promote the likelihood that the Debtor can successfully reorganize.

## COUNT III

### DAMAGES FOR WILLFUL VIOLATION OF THE AUTOMATIC STAY

38.     Debtor repeats and realleges the allegations contained in paragraphs 1 to 37 of this Complaint as if fully set forth herein.

39.     An order for relief was entered in this case on June 16, 2021 pursuant to 11 U.S.C. § 101, thus triggering an automatic stay, pursuant to 11 U.S.C. § 362(a), of all debt and collection activities against the Debtor.

40.     Defendants were scheduled and were named in Schedule E/F of the debtor's petition as a "disputed" unsecured creditors, without security or priority.

41.     On the Petition Date, and as more fully set forth above, a letter was issued by counsel for the Debtor to counsel for the Defendants informing them of the Chapter 11 filing and the provisions afforded by the Automatic Stay, 11 U.S.C. § 362.

42.     On June 17, 2021, a Suggestion of Bankruptcy was filed in the Court Action.

43.     Despite the knowledge of the within bankruptcy filing for the Debtor, on June 18, 2021 Defendants continued to file pleadings in the Court Action seeking relief against the Debtor including, but not limited to, contempt of court, damages, and attorneys' fees and costs.

44.     Moreover, the June 18, 2021 filing acknowledged that the Debtor had filed for relief under Chapter 11 of the Bankruptcy Code.

9

#12399245.1 172932/001

45.     Defendants had actual knowledge of the Chapter 11 filing before seeking damages against the Debtor.

46.     Despite this actual knowledge, Defendants willfully violated the explicit provisions of the Automatic Stay.

47.     As a result of the actions and conduct of the Defendants, the Defendants are liable for civil contempt by violating the Automatic Stay granted herein on June 16, 2021.

48.     As a result of the actions and conduct of the Defendants, the Defendants are liable for compensatory and punitive damages including, but not limited to, attorneys' fees and costs pursuant to 11 U.S.C. § 362(k) and for contempt of Court.

## COUNT IV

## SUBORDINATION OF CLAIM

49.     Debtor repeats and realleges the allegations contained in paragraphs 1 to 48 of this Complaint as if fully set forth herein.

50.     An order for relief was entered in this case on June 16, 2021 pursuant to 11 U.S.C. § 101, thus triggering an Automatic Stay, pursuant to 11 U.S.C. § 362(a), of all debt and collection activities against the Debtor.

51.     Defendants were scheduled and were named in Schedule E/F of the debtor's petition as a "disputed" unsecured creditors, without security or priority.

52.     On the Petition Date and as more fully set forth above, a letter was issued by counsel for Debtor to counsel for the Defendants informing them of the Chapter 11 filing and the provisions afforded by the automatic stay, 11 U.S.C. § 362.

53.     On June 17, 2021, a Suggestion of Bankruptcy was filed in the Court Action.

10

#12399245.1 172932/001

54.    Despite the knowledge of the within bankruptcy filing for the Debtor, on June 18, 2021 Defendants continued to file pleadings in the Court Action seeking relief against the Debtor including, but not limited to, contempt of court, damages, and attorneys' fees and costs.

55.    Moreover, the June 18, 2021 filing, acknowledged that the Debtor had filed for relief under Chapter 11 of the Bankruptcy Code.

56.    Defendants had actual knowledge of the Chapter 11 filing before seeking damages against the Debtor.

57.    Despite this actual knowledge, Defendants willfully violated the explicit provisions of the Automatic Stay.

58.    As a result of the post-petition actions and conduct of the Defendants, after notice and a hearing, the Court may, pursuant to 11 U.S.C. § 510 (c)(1), under principles of equitable subordination, subordinate for purposes of distribution all or part of any allowed claim to all or part of another allowed claim or all or part of an allowed interest to all or part of another allowed interest.

59.    As a result of the actions and conduct of the Defendants, the Defendants' claims, if any, may be subordinated pursuant to 11 U.S.C. § 510.

60.    As a result of the actions and conduct of the Defendants, the Court has the power and authority to fix the fixing the priority, the extent and validity of Defendants' claims.

WHEREFORE, for all the foregoing reasons, the Debtor respectfully requests entry of an Order extending the automatic stay under section 362 of the Bankruptcy Code to the Non-Debtor Defendants, granting an injunction under section 105(a) of the Bankruptcy Code that enjoins the Defendants from continuing the Court Action against the Non-Debtor Defendants,

11

including Mr. Kattan and Mitch Kattan, during the pendency of this Chapter 11 Case, for an award of damages in favor of the Debtor and against Defendants, for a determination of civil contempt against Defendants, fixing the priority, the extent and validity of claims and granting such other and further relief as this Court deems just and proper.

**WILENTZ GOLDMAN & SPITZER, P.A.**
*Attorneys for Debtor/Plaintiff*

*/s/ David H. Stein, Esq.*

By: _____
David H. Stein, Esq.

Dated: July 13, 2021

#12399245.1 172932/001