UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY

**Caption in Compliance with D.N.J. LBR 9004-2(c)**
WILENTZ, GOLDMAN & SPITZER, P.A.
90 Woodbridge Center Drive
Suite 900, Box 10
Woodbridge, New Jersey  07095-0958
(732) 636-8000
DAVID H. STEIN, ESQ.
*Proposed Attorneys for Debtor*

**Order Filed on July 28, 2021
by Clerk
U.S. Bankruptcy Court
District of New Jersey**

In re:

DUKAT, LLC,

            Debtor.

Case No.: 21-14934 (KCF)

Chapter 11 (Subchapter V)

Judge: Hon. Kathryn C. Ferguson

Hearing Date: July 27, 2021

**ORDER PURSUANT TO SECTIONS 105(a), 327 (a) AND 363(b) OF THE BANKRUPTCY CODE AUTHORIZING THE DEBTOR TO RETAIN MATTHEW SCHWARTZ, CPA OF BEDERSON, LLP AS FINANCIAL ADVISOR TO THE DEBTOR NUNC PRO TUNC TO THE PETITION DATE AND GRANTING RELATED RELIEF**

The relief set forth on the following pages numbered two (2) through four (4) is hereby **ORDERED**.

**DATED: July 28, 2021**

*/s/ Kathryn C. Ferguson*
Honorable Kathryn C. Ferguson
United States Bankruptcy Judge

#12463509.1 172932/001

Page 2
Debtor: Dukat, LLC
Case No.: 21-14934 (KCF)
Caption of Order: ORDER PURSUANT TO SECTIONS 105(a) 327(a) AND 363(b) OF THE BANKRUPTCY CODE AUTHORIZING THE DEBTOR TO RETAIN MATTHEW SCHWARTZ, CPA OF BEDERSON, LLP AS FINANCIAL ADVISOR TO THE DEBTOR NUNC PRO TUNC TO THE PETITION DATE AND GRANTING RELATED RELIEF

---

**THIS MATTER** having come before the Court on the motion of Dukat, LLC (the "Debtor"), seeking entry of an Order pursuant to Sections 105(a), 327(a) and 363(b) of the Bankruptcy Code authorizing the Debtor to (i) retain Matthew Schwartz, CPA of Bederson, LLP ("Bederson") as chief restructuring officer and to provide related services; (ii) to appoint the chief restructuring officer *nunc pro tunc* to the petition date; and (iii) granting related relief (the "Motion"); and the Court having reviewed the moving papers filed in support of the Motion, together with the objection thereto filed by the Office of the United States Trustee (the "Objection"); and it appearing that the issues raised in the Objection have been resolved among the parties; and the Court having found that the Debtor provided adequate and appropriate notice of the Motion under the circumstances and that no other or further notice is required; and after due deliberation and for good and sufficient cause having been shown, it is hereby,

**ORDERED AS FOLLOWS:**

1. The Motion is granted as set forth herein.

2. Pursuant to 11 U.S.C. §§ 105(a), 327 (a) and 363(b), the Debtor is authorized to retain Matthew Schwartz, CPA of Bederson, LLP as financial advisor (the "Financial Advisor") to the Debtor in accordance with the terms and conditions of the revised letter agreement attached hereto and made a part hereof.

#12463509.1 172932/001

Page 3
Debtor: Dukat, LLC
Case No.: 21-14934 (KCF)
Caption of Order: ORDER PURSUANT TO SECTIONS 105(a) 327(a) AND 363(b) OF THE BANKRUPTCY CODE AUTHORIZING THE DEBTOR TO RETAIN MATTHEW SCHWARTZ, CPA OF BEDERSON, LLP AS FINANCIAL ADVISOR TO THE DEBTOR NUNC PRO TUNC TO THE PETITION DATE AND GRANTING RELATED RELIEF

___

3. The Debtor is hereby authorized to utilize the services of other personnel of Bederson related thereto.

4. The Financial Advisor shall not exercise any participation in or have any control over the corporate governance of the Debtor.

5. To the extent there is an inconsistency among this Order and the Motion, the terms of this Order shall govern.

6. The Debtor is authorized and empowered to take all actions necessary to implement the relief granted in this Order.

7. The terms and conditions of this Order shall be effective *nunc pro tunc* to the filing of the Debtor's petition herein.

8. Any and all future compensation for professional services rendered and reimbursement for actual and necessary expenses and other charges incurred by Bederson shall be paid by the Debtor, subject to Court approval.

9. The retainer paid to Bederson by Elliott Kattan in the amount of $15,000.00 shall be designated as a capital contribution in this Chapter 11 case. Elliott Kattan shall not seek a Chapter 11 administrative claim for the retainer or for any future funding for the services to be provided by Bederson.

#12463509.1 172932/001

Page 4
Debtor: Dukat, LLC
Case No.: 21-14934 (KCF)
Caption of Order: ORDER PURSUANT TO SECTIONS 105(a) 327(a) AND 363(b) OF THE BANKRUPTCY
CODE AUTHORIZING THE DEBTOR TO RETAIN MATTHEW SCHWARTZ, CPA
OF BEDERSON, LLP AS FINANCIAL ADVISOR TO THE DEBTOR NUNC PRO TUNC
TO THE PETITION DATE AND GRANTING RELATED RELIEF

_____

10.     Notwithstanding any provision to the contrary in the Motion, this Court shall retain jurisdiction to hear and to determine all matters arising from or related to the implementation of this Order.

11.     Debtor shall serve a copy of this Order within five (5) business days from its entry upon (1) Mark J. Politan, Subchapter V Trustee; (2) the Office of the United States Trustee; (3) the top twenty list of creditors; and (4) all parties who have filed Notices of Appearance in the within matter.

#12463509.1 172932/001

# EXHIBIT A



July 21, 2021

VIA EMAIL (elliotkattan@gmail.com)

Dukat, LLC
c/o Elliott Kattan
95 Newfield Avenue
Edison, NJ 08837

Re: Financial Advisory and Related Services

Dear Mr. Kattan:

This letter constitutes a retainer agreement between Dukat, LLC ("Dukat") and Bederson LLP (ID #22-2978848), under which Mathew Schwartz, CPA will act as Financial Advisor for Dukat and will provide operational and financial advisory services in connection with a Chapter 11 bankruptcy filing.

Our procedures will include, but will not necessarily be limited to:

- meetings with you and company personnel;
- attendance at court hearings, as necessary;
- review and/or approval of relevant pleadings, as necessary;
- review of relevant documents;
- analysis of assets and liabilities;
- assistance in preparation of budgets, projections and cash flow forecasts;
- assistance in preparation of Monthly Operating Reports;
- meetings with your attorneys and creditors, as necessary;
- assisting you and your attorney in drafting a Plan of Reorganization ("Plan") and Disclosure Statement; and
- Court testimony with respect to Plan feasibility, as necessary.

We will expand the scope of our services to other areas, as requested. However, please be aware that neither I nor any member or employee of Bederson LLP will perform any corporate governance procedures including being responsible for any corporate decisions, which remain solely the responsibility of the board and officers of Dukat. Any documents, or written reports, that we prepare are to be used only for the purpose of this engagement and may not be published or used for any other purpose without our written consent. We understand that either party may terminate this agreement at any time. In rendering our services, we cannot guarantee that our

Dukat, LLC
Re: CRO and Related Services
Page 2

analyses and conclusions will be favorable to you or that there will be a favorable outcome in any potential legal proceeding.

We will require assistance from you to assemble information, as deemed necessary, and our fee will be dependent in part on the timing, quantity and quality of the documentation provided. In addition, we will be relying on the timing, accuracy, and reliability, of this documentation provided to us, in the performance of our services. We will not audit, review, or compile any of the financial data provided to us nor will we express an opinion or any other form of assurance on them. Our engagement cannot be relied upon to disclose errors or other irregularities that may have existed, other than as herein discussed.

The workpapers and other materials created by us during this engagement are the property of Bederson. However, we understand that you may want or need to disclose materials we have created to a court or to other interested parties. In that event, we will discuss the materials to be disclosed and will alert you to any concerns we have regarding that disclosure. All documents provided by you or others in our possession will be returned to you upon written request, to the extent that they remain in our possession. If access to any of the materials in Bederson's possession or request to provide testimony relating to this matter is sought by a third party through subpoena, court order or other legal process, we will promptly notify you of such action, and cooperate with you concerning our response thereto. In the event we are required to respond to a subpoena, court order or other legal process for the production of documents and/or testimony relative to information we obtained and/or prepared during the course of this engagement, you agree to reimburse us for all of our out-of-pocket costs including but not limited to attorney's fees incurred in that regard.

**PROFESSIONAL FEES AND EXPENSES**

Our compensation is based on actual time spent, including travel and will include any out-of-pocket costs we may incur including mileage, copying and faxes. We normally adjust our rates once per year and will invoice Dukat at our rates in effect at the time of our work. Either party my terminate this engagement on notice for any reason without further obligation except that you and/or Dukat will be obligated to compensate us for all time approved by the Bankruptcy Court.

Our current rate schedule is as follows:

| | |
|---|---|
| Partner | $460.00 - $515.00 |
| Manager | $340.00 - $350.00 |
| Senior Accountants | $265.00 - $280.00 |
| Staff Accountant | $190.00 |
| Para Professionals | $170.00 |

Although it is difficult to estimate the amount of time that this engagement may require, it is our intention to work closely with you to structure our work so that the appropriate personnel from our staff are assigned in order to keep fees at a minimum.



Dukat, LLC
Re: CRO and Related Services
Page 3

As discussed, we require a retainer of $15,000.00 to commence our work in this matter.

In connection with this engagement, we may communicate with you or others via email transmission. As emails can be intercepted and read, disclosed, or otherwise used or communicated by an unintended third party, or may not be delivered to each of the parties to whom they are directed and only to such parties, we cannot guarantee or warrant that emails from us will be properly delivered and read only by the addressee. Therefore, we specifically disclaim and waive any liability or responsibility whatsoever for interception or unintentional disclosure of emails transmitted by us in connection with the performance of this engagement.

In that regard, you agree that we shall have no liability for any loss or damage to any person or entity resulting from the use of email transmissions, including any consequential, incidental, direct, indirect, or special damages, such as loss of revenues or anticipated profits, or disclosure or communication of confidential or proprietary information.

It is our current policy to retain this engagement's documentation for a period of seven (7) years, after which time we will commence the process of destroying the contents of our engagement files. To the extent we accumulate any of your original records during the engagement, those documents will be returned to you promptly upon completion of the engagement. The balance of our engagement file, other than a copy of your tax return, which we will provide to you at the conclusion of the engagement, is our property, and we will provide copies of such documents at our discretion and if compensated for any time and costs associated with the effort. The working papers and files of our firm are not a substitute for your original records and documents.

In the event that we incur any costs, or become obligated to pay any judgment or similar award as a result of any inaccurate or incomplete information that you provide to us during the course of this engagement, you and Dukat agree to indemnify us, defend us, and hold us harmless as against such costs and obligations.

This engagement letter is contractual in nature, and includes all of the relevant terms that will govern the engagement for which it has been prepared. The terms of this letter supersede any prior oral or written representations or commitments by or between the parties. Any material changes or additions to the terms set forth in this letter will only become effective if evidenced by a written amendment to this letter, signed by all of the parties.



Dukat, LLC
Re: CRO and Related Services
Page 4

Thank you for your attention to this matter, and please contact us with any questions that you may have. We sincerely appreciate the opportunity to render our services to you.

Very truly yours,

BEDERSON LLP

Matthew Schwartz
Partner

MS:mmp

Accepted:

_____    _____
Elliott Kattan,                          Date
Managing Member

cc:   David H. Stein, Esq. (via email, w/enc.)

I:\Dukat LLC\Correspondence\Outgoing\2021.7.21 FA Engagement Letter.Doc



United States Bankruptcy Court

District of New Jersey

| | |
|---|---|
| In re: | Case No. 21-14934-KCF |
| Dukat, LLC | Chapter 11 |
| Debtor | |

# CERTIFICATE OF NOTICE

| | | |
|---|---|---|
| District/off: 0312-3 | User: admin | Page 1 of 2 |
| Date Rcvd: Jul 28, 2021 | Form ID: pdf903 | Total Noticed: 1 |

The following symbols are used throughout this certificate:
**Symbol      Definition**

\+          Addresses marked '+' were corrected by inserting the ZIP, adding the last four digits to complete the zip +4, or replacing an incorrect ZIP. USPS regulations require that automation-compatible mail display the correct ZIP.

**Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Jul 30, 2021:**

**Recip ID         Recipient Name and Address**
db                 + Dukat, LLC, c/o On Spec, 95 Newfield Avenue, Suite H, Edison, NJ 08837-3824

TOTAL: 1

**Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.**
Electronic transmission includes sending notices via email (Email/text and Email/PDF), and electronic data interchange (EDI).

NONE

# BYPASSED RECIPIENTS

**The following addresses were not sent this bankruptcy notice due to an undeliverable address, *duplicate of an address listed above, *P duplicate of a preferred address, or ## out of date forwarding orders with USPS.**

NONE

# NOTICE CERTIFICATION

I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed .R. Bank. P.2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Jul 30, 2021            Signature:       /s/Joseph Speetjens

# CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on July 28, 2021 at the address(es) listed below:

| Name | Email Address |
|---|---|
| David H. Stein | on behalf of Debtor Dukat  LLC dstein@wilentz.com, ciarkowski@wilentz.com |
| David H. Stein | on behalf of Plaintiff Dukat  LLC dstein@wilentz.com, ciarkowski@wilentz.com |
| Margaret Mcgee | on behalf of U.S. Trustee U.S. Trustee maggie.mcgee@usdoj.gov |
| Mark Politan | mpolitan@politanlaw.com |
| Ronald L. Daugherty | on behalf of Creditor Interline Brands Inc. dba Hardware Express rdaugherty@srstlaw.com |
| U.S. Trustee | USTPRegion03.NE.ECF@usdoj.gov |

District/off: 0312-3             User: admin             Page 2 of 2
Date Rcvd: Jul 28, 2021             Form ID: pdf903             Total Noticed: 1
TOTAL: 6