# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| In Re:<br><br>**DUKAT, LLC,**<br><br>    *Debtor.* | Case No.: 21-14934 (KCF)<br><br>Chapter 11 (Subchapter V)<br><br>Judge: Hon. Kathryn C. Ferguson<br><br>Hearing date: October 26, 2021<br>                  at 10:00 a.m. |

==================================================================

**DEBTOR'S MEMORANDUM OF LAW IN SUPPORT OF MOTION TO ESTIMATE AND/OR FIX CLAIM OF TARVISIUM HOLDINGS, LLC AND 45N12E, LLC PURSUANT TO 11 U.S.C. § 502(c)(1) AND FED. R. BANK. P. 3018(a)**

==================================================================

 

**WILENTZ, GOLDMAN & SPITZER, P.A.**
90 Woodbridge Center Drive
Suite 900, Box 10
Woodbridge, NJ  07095
732-636-8000
DAVID H. STEIN, ESQ.
*Attorneys for Debtor*

DAVID H. STEIN, ESQ.
Of Counsel & On The Brief

#12599505.1

## TABLE OF CONTENTS

**PAGE**

JURISDICTION AND VENUE ...............................................................................................1

STATEMENT OF FACTS .......................................................................................................1

    Background ...........................................................................................................................1

BASIS FOR RELIEF ................................................................................................................3

RESERVATION OF RIGHTS ..................................................................................................6

NOTICE ....................................................................................................................................7

CONCLUSION .........................................................................................................................7

# TABLE OF AUTHORITIES

**PAGE**

**CASES**

Addison v. Langston (In re Brints Cotton Mktg., Inc.),
  737 F.2d 1338 (5th Cir. 1984) ........................................................................................... 5

Biolitec, AG v. Cyganowski,
  No. 13-cv-5864, 2013 WL 6795400 (D.N.J. Dec. 16, 2013) ...................................... 4

Bittner v. Borne Chem. Co., Inc.,
  691 F.2d 134 (3d Cir. 1982) ............................................................................................ 5, 6

In re Adelphia Bus. Sols., Inc.,
  341 B.R. 415 (Bankr. S.D.N.Y. 2003) ............................................................................. 5

In re Allegheny Int'l, Inc.,
  954 F.2d 167 (3d Cir. 1992) ........................................................................................... 3, 4

In re Armstrong World Indus., Inc.,
  348 B.R. 111 (D. Del. 2006) ............................................................................................ 5

In re Chateaugay Corp.,
  944 F.2d 997 (2d Cir. 1991) ........................................................................................... 5

In re Continental Airlines Corp.,
  60 B.R. 903 (Bankr. S.D. Tex. 1986) ............................................................................. 5

In re Devonshire PGA Holdings LLC,
  548 B.R. 689 (Bankr. D. Del. 2016) ............................................................................... 3

In re Farley, Inc.,
  146 B.R. 748 (Bankr. N.D. Ill. 1992) ............................................................................. 5

In re Int'l Yacht & Tennis, Inc.,
  922 F.2d 659 (11th Cir. 1991) ......................................................................................... 4

In re Jorczak,
  314 B.R. 474 (Bankr. D. Conn. 2004) ........................................................................... 4

In re Los Angeles Int'l Airport Hotel Assoc.,
  196 B.R. 134 (9th Cir. BAP 1996) ................................................................................. 4

In re Nova Real Estate Inv. Trust,
  23 B.R. 62 (Bankr. E.D. Va. 1982) ................................................................................ 5

In re Stoecker,
  143 B.R. 879 (N.D. Ill. 1992) ........................................................................................... 3

#12599505.1

## TABLE OF AUTHORITIES (cont'd)

**PAGE**

In re Stone Hedge Props.,
 191 B.R. 59 (Bankr. M.D. Pa. 1995) ....................................................................................... 6

Kool, Mann, Coffee & Co. v. Coffey,
 300 F.3d 340 (3d Cir. 2002) ................................................................................................... 5

Lampe v. Lampe,
 665 F.3d 506 (3d Cir. 2011) ................................................................................................... 3

**STATUTES**

11 U.S.C. § 1106(a)(1) ............................................................................................................... 4

11 U.S.C. § 1107(a) .................................................................................................................... 4

11 U.S.C. § 501 .......................................................................................................................... 3

11 U.S.C. § 502(a) ...................................................................................................................... 3

11 U.S.C. § 502(b) .................................................................................................................. 3, 4

11 U.S.C. § 502(b)(1) ................................................................................................................. 3

11 U.S.C. § 704(a)(5) ................................................................................................................. 4

28 U.S.C. § 1334 ........................................................................................................................ 1

28 U.S.C. § 1408 ........................................................................................................................ 1

28 U.S.C. § 1409 ........................................................................................................................ 1

28 U.S.C. § 157 .......................................................................................................................... 1

28 U.S.C. § 157(b) ..................................................................................................................... 1

#12599505.1

# TABLE OF AUTHORITIES (cont'd)

**PAGE**

**RULES**

Fed R. Bankr. P. 3001(f) ................................................................................................. 3

Fed. R. Bank. P. 3018 ..................................................................................................... 5

Fed. R. Bankr. P. 3018(a) ...................................................................................... 1, 2, 4, 5

Dukat, LLC, the debtor and debtor-in-possession (the "Debtor"), by and through its undersigned counsel, Wilentz, Goldman & Spitzer, P.A., submits this Motion To Estimate and/or Fix the Claim of Tarvisium Holdings, LLC and 45N12E, LLC Pursuant To 11 U.S.C. § 502(c)(1) and Fed. R. Bankr. P. 3018(a), and respectfully requests entry of the Proposed Order, pursuant to section 502(c)(1) of title 11 of the United States Code (the "Bankruptcy Code"). In support of this Motion, the Debtor relies upon the arguments set forth herein and respectfully states as follows:

## JURISDICTION AND VENUE

This Court has jurisdiction to consider this Motion pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory predicates for the relief requested herein are section 502 of the Bankruptcy Code.

## STATEMENT OF FACTS

### Background

On June 16, 2021 (the "Petition Date"), the Debtor filed its voluntary Chapter 11 petition under Subchapter V of the Bankruptcy Code. [ECF 1]. Debtor continues to manage its affairs as a debtor-in-possession pursuant to Bankruptcy Code Sections 1107(a) and 1108.

On September 16, 2021, the Debtor filed its Plan of Reorganization. [ECF 46]. Plan confirmation is scheduled for October 28, 2021. [ECF 47]. The deadline for filing claims was set as August 25, 2021. The deadline for filing proofs of claim has passed.

On August 24, 2021, Tarvisium Holdings, LLC ("Tarvisium") and 45N12E, LLC ("45N12") filed a combined Proof of Claim with the Court in the amount of $8,629,598.24 (collectively, the "Tarvisium Claim"). Tarvisium and 45N12E qualified the claim on page 2, question 7 of the claim as being "**[u]nliquidated and subject to the adversary proceeding**".

-1-

(emphasis supplied).   The Debtor scheduled the claims of Tarvisium and 45N12 as unliquidated, contingent and disputed in its Chapter 11 Schedules. The Tarvisium Claim is subject to bona fide dispute through the filing of an Adversary Proceeding, a fact clearly acknowledged in the claim itself, which attached as an exhibit, an Answer to Adversary Proceeding, Counterclaim and Third-Party Complaint. In addition, the Tarvisium Claim, has never been fixed or liquidated by adjudication in any court proceeding, and is wholly contingent and unliquidated based upon a damage estimate/range as set forth in the Proof of Claim itself (See, page 5 of 22 of the claim). Parenthetically, the Tarvisium Claim was also signed by a person without actual knowledge attesting to the information set forth therein, and was filed on a combined basis by Tarvisium and 45N12, which makes voting impossible. Finally, the face amount of the Tarvisium Claim does not track the information contained in the cover sheet of the Proof of Claim.

In connection with the Debtor's formulation of the Plan and its ongoing Plan confirmation process, the Debtor has conducted, and continues to conduct, an ongoing review of claims filed in this Chapter 11 case. As part of its ongoing review of filed claims, the Debtor has reviewed the Tarvisium Proof of Claim and has concluded that such claim should be estimated and/or fixed at zero (-0-) for confirmation and voting purposes pursuant to 11 U.S.C. § 502(c)(1) and Fed. R. Bank. P. 3018(a) for the reasons set forth herein below.

Debtor believes that the Tarvisium Claim should be resolved by this Court prior to confirmation so as to ensure that confirmation of the Debtor's Chapter 11 Plan proceeds without undue delay in the administration of the case and to allow the assets of the estate to be appropriately distributed in the correct amounts and pursuant to the priority order set forth in the Bankruptcy Code. Accordingly, through this Motion, the Debtor respectfully requests entry of the Proposed Order, pursuant to 11 U.S.C. § 502(c)(1) and Fed. R. Bank. P. 3018(a) and submits that the

-2-

Tarvisium Claim should be estimated and/or fixed at zero (-0-) for confirmation and voting purposes.

## BASIS FOR RELIEF

A proof of claim is "deemed allowed, unless a party in interest . . . objects." 11 U.S.C. § 502(a). Section 502(b) of the Bankruptcy Code provides that:

> the court, after notice and a hearing, shall determine the amount of [a] claim in lawful currency of the United States as of the date of the filing of the petition, and shall allow such claim in such amount, except to the extent that . . . such claim is unenforceable against the debtor and property of the debtor, under any agreement or applicable law for a reason other than because such claim is contingent or unmatured.

11 U.S.C. § 502(b)(1).

When asserting a proof of claim against a bankrupt estate, a claimant must allege facts that, if true, would support a finding that the debtor is legally liable to the claimant. In re Allegheny Int'l, Inc., 954 F.2d 167, 173 (3d Cir. 1992). A proof of claim filed in accordance with 11 U.S.C. § 501 of the Bankruptcy Code and the Bankruptcy Rules typically constitutes "prima facie evidence of the validity and amount of the claim." Fed R. Bankr. P. 3001(f).

To receive the benefit of *prima facie* validity, however, the proof of claim must "set forth facts necessary to support the claim." In re Stoecker, 143 B.R. 879, 883 (N.D. Ill. 1992); Allegheny, 954 F.2d at 167 ("[A] claim that alleges facts sufficient to support a legal liability to the claimant satisfies the claimant's initial obligation to go forward."). Initially, the burden of proof lies on the claimant; if the claimant supports his claim with sufficient facts or documentation, the claim is deemed *prima facie* valid. In re Devonshire PGA Holdings LLC, 548 B.R. 689, 697 (Bankr. D. Del. 2016) (citing In re Allegheny Int'l, Inc., 954 F.2d at 173–74); Lampe v. Lampe, 665 F.3d 506, 514 (3d Cir. 2011).

A claimant's failure to allege facts and to provide sufficient support for a claim deprives the claim of prima facie validity. See, e.g., In re Jorczak, 314 B.R. 474, 481-82 (Bankr. D. Conn. 2004) (discussing the evidentiary requirements and burden of proof with respect to the allowance of claims); In re Los Angeles Int'l Airport Hotel Assoc., 196 B.R. 134, 139 (9th Cir. BAP 1996). Moreover, while a properly filed proof of claim is prima facie evidence of the claim's allowed amount, when an objecting party presents evidence to rebut a claim's prima facie validity, the claimant bears the burden of proving the claim's validity by a preponderance of evidence. See In re Allegheny Int'l, Inc., 954 F.2d at 173-74. The burden of persuasion with respect to the claim is always on the claimant. See, e.g., Biolitec, AG v. Cyganowski, No. 13-cv-5864, 2013 WL 6795400, *3 (D.N.J. Dec. 16, 2013); In re Allegheny Int'l, Inc., 954 F.2d at 173-74.

Debtor has standing to file objections to claims under sections 502 and 1109(b) of the Bankruptcy Code. In fact, a debtor in possession in a chapter 11 case "has the duty to object to the allowance of any claim that is improper." In re Int'l Yacht & Tennis, Inc., 922 F.2d 659, 661-62 (11th Cir. 1991); see also 11 U.S.C. §§ 704(a)(5), §1106(a)(1), & § 1107(a). Once an objection to a claim is filed, the Court, after notice and hearing, shall determine the allowed amount of the claim. 11 U.S.C. § 502(b).

Pursuant to 11 U.S.C. § 502(c)(1) and Fed. R. Bank. P. 3018(a) the Court may estimate for purpose of allowance under any contingent or unliquidated claim, the fixing or liquidation of which, as the case may be, would unduly delay the administration of the case. Although § 502(c)(1) mandates that bankruptcy courts estimate unliquidated and contingent claims for purposes of allowance, because "Congress intended that all claims, including unliquidated and contingent claims, be 'dealt with' in the bankruptcy proceeding[,]" additional authorities have expanded the purposes for which claims estimation may occur. Addison v. Langston (In re Brints Cotton Mktg.,

Inc.), 737 F.2d 1338, 1340 (5th Cir. 1984) (citations omitted). Such other purposes include voting on proposed plans of reorganization. See, e.g., In re Farley, Inc., 146 B.R. 748, 753 (Bankr. N.D. Ill. 1992) (allowing estimation for voting and feasibility); In re Continental Airlines Corp., 60 B.R. 903, 905 (Bankr. S.D. Tex. 1986) (allowing estimation for voting).

Fed. R. Bank. P. 3018 of the Bankruptcy Rules expressly permits estimation of claims for plan voting purposes and provides that "[n]otwithstanding objecting to a claim or interest, the court after notice and a hearing may temporarily allow a claim or interest in an amount which the court deems proper for the purpose of accepting or rejecting a plan." Fed. R. Bankr. P. 3018(a). Despite the fact that "[a]n estimate necessarily implies no certainty," In re Nova Real Estate Inv. Trust, 23 B.R. 62, 66 (Bankr. E.D. Va. 1982), because it comprises "the court's best estimate for the purpose of permitting the case to go forward and thus not unduly delay the matter[,]" id., courts have held that a bankruptcy court is not prevented from making a "speedy and rough estimation of ... claims for purposes of determining [a claimant's] voice in the Chapter 11 proceedings." In re Chateaugay Corp., 944 F.2d 997, 1006 (2d Cir. 1991) (citing Bittner v. Borne Chem. Co., Inc., 691 F.2d 134, 137 (3d Cir. 1982)) (additional citation omitted).

When estimating claims, bankruptcy courts may use whatever method is best suited to the contingencies of the case, as long as the procedure is consistent with the fundamental policy of chapter 11, which requires speed and efficiency. In re Adelphia Bus. Sols., Inc., 341 B.R. 415, 422 (Bankr. S.D.N.Y. 2003); see also Bittner, 692 F.2d at 136-137. "[T]here [is] no requirement that a particular kind of procedure be employed in estimating the value of [a] claim." Kool, Mann, Coffee & Co. v. Coffey, 300 F.3d 340, 356 (3d Cir. 2002). Rather, "[t]he only requirement is that the value of the claim be determined in accordance with the legal rules that will govern the final amount of the claim." In re Armstrong World Indus., Inc., 348 B.R. 111, 123 (D. Del. 2006) (citing

-5-

Bittner, 691 F.2d at 135-136). In determining whether to allow a claim temporarily for voting purposes, courts may look to, among other things, the proof of claim filed to determine what the parties' expectations were regarding the amount and nature of the claim to be voted. <u>In re Stone Hedge Props.</u>, 191 B.R. 59, 65 (Bankr. M.D. Pa. 1995).

Here, the Tarvisium Claim is neither fixed nor settled and is complexly contingent upon a litigation outcome and/or judicial determination, as well as overcoming a claim on a $4 Million promissory note which was given to the Debtor in 2018. Furthermore, the Tarvisium Claim is based upon a range of recovery founded upon an alleged damage calculation without evidence or proofs other than a self-serving report that is clearly one-side, without attachments, and does not take into consideration the transactional closing documents or the $4 million seller note provided by the Tarvisium Parties in 2018. Accordingly, the Court should fix the Tarvisium Claim at zero (-0-) and disallow such claim for voting purposes.

## **RESERVATION OF RIGHTS**

Debtor expressly reserves generally, and as set forth herein, any and all rights to amend, modify or supplement this Motion, the Proposed Order and to file additional objections to any and all claims (filed or scheduled) that have been or may be asserted against the Debtor, including, without limitation, any and all other disputed claims and/or remaining claims. The Debtor also reserves any and all rights of the Debtor and its estate, including, without limitation, claims and defenses with respect to any and all of the disputed claims and/or remaining claims, and nothing included in or omitted from this Motion and, the Proposed Order is intended or shall be deemed to impair, prejudice waive or otherwise affect any rights, claims or defenses of the Debtor, or its estate with respect to the disputed claims and/or any remaining claims.

## NOTICE

Notice of this Objection has been given to (i) Tarvisium and 45N12E, through counsel; (ii) the Office of the United States Trustee for the District of New Jersey; (iii) Subchapter V Trustee; and (iv) all parties receiving electronic filing notifications in this case via the Court's CM/ECF system. In light of the nature of the relief requested herein, the Debtor respectfully submits that such notice is sufficient under the circumstances and that no other or further notice of this Motion is required.

## CONCLUSION

Debtor respectfully requests that this Court enter an order granting the relief set forth in this Motion and any further relief the Court deems just and proper.

**WILENTZ, GOLDMAN & SPITZER, P.A.**
*Attorneys for Debtor, Dukat, LLC*

/s/ *David H. Stein*
DAVID H. STEIN

Dated: September 23, 2021