| | |
|---|---|
| UNITED STATES BANKRUPTCY COURT<br>DISTRICT OF NEW JERSEY<br>**WILENTZ, GOLDMAN & SPITZER, P.A.**<br>90 Woodbridge Center Drive<br>Suite 900, Box 10<br>Woodbridge, NJ  07095<br>732-636-8000<br>DAVID H. STEIN, ESQ.<br>*Attorneys for Debtor* | |
| In Re:<br><br>DUKAT, LLC,<br><br>   *Debtor-in-Possession.* | Case No.: 21-14934 (KCF)<br><br>Judge: Hon. Kathryn C. Ferguson<br><br>Chapter 11 (Subchapter V) |

**CERTIFICATION OF ELLIOT KATTAN IN OPPOSITION TO MOTION FOR RELIEF FROM THE AUTOMATIC STAY FILED BY TARVISIUM HOLDINGS, LLC AND 45N12E, LLC**

**ELLIOTT KATTAN**, of full age, hereby certifies as follows:

1. I am the Managing Member of Dukat, LLC (the "Debtor"), the debtor in the within Chapter 11 proceeding and Plaintiff in a related Adversary Proceeding.

2. This Certification is submitted in opposition to the Motion for Relief from the Automatic Stay filed by Tarvisium Holdings, LLC and 45N12E, LLC (collectively, the "Movants").

3. This Certification is based upon my personal knowledge and/or upon my review of documents filed in the Adversary Proceeding and in the litigation set forth below.

4. My Certification dated July 12, 2021 and Supplemental Certification dated August 10, 2021 filed on the docket continue to be true and correct and are incorporated herein by reference.

#12644975.1 172932/001

5. Movants and the Debtor were parties to an Amended and Restated Asset Purchase Agreement dated July 23, 2018 (the "APA") which was executed by each of their corporate representatives.

6. On or about, January 1 and January 2, 2019, Tarvisium Holdings, LLC defaulted under its payment obligations under a $4 Million Promissory Note given to the Debtor in connection with the closing under the APA.

7. Thereafter, on February 4, 2019, Movants were the first to file a pre-emptive lawsuit against the Debtor and others in the United States District Court for the Western District of Missouri, which case is docketed as Case No. 4:19-cv-00086 (the "Missouri Court Action"), that alleged various claims including breach of contract, breach of the covenant of good faith and fair dealing, inducement/misrepresentation and tortious interference involving the purchase and sale of a business.

8. Despite the assertions made by Movants in the Motion, the Missouri Court Action is not ready to proceed to trial as a result of the entry of a July 16, 2021 Order entered in the Missouri Court Action which relieved counsel for the Debtor and non-debtor parties including myself and Mourad Kattan. As it stands, the Debtor and the other named non-debtor parties currently have no legal representation in the Missouri Court Action. At best, additional time will be required to engage new trial counsel and a trial expert who can be afforded the opportunity to become familiar with the Missouri Court Action and the issues involved therein.

9. A review of the Missouri Court Action evidences the fact no substantive event occurred in that matter other than discovery motions, related type discovery type activities, a Motion For A Temporary Restraining Order filed in '2019' and various motions' to dismiss the

Complaint filed in the lawsuit. No evidentiary hearings were conducted; no motions in limine were held; and no summary judgment motions were argued or decided.

10.  On September 24, 2021, Movants waived their right to conduct a jury trial in the Missouri Court Action which was presumably done to try and fast track the entry of judgment.

11.  Finally, on October 15, 2021 the District Court in the Missouri Court Action determined that the Missouri Court Action is not ready to proceed to trial given its procedural posture and entered an Order Staying Case that adjourned any pre-trial hearing and proposed trial date pending the conclusion of the Debtor's bankruptcy proceeding.  A copy of the October 15, 2021 District Court Order is attached hereto as **Exhibit "A".**

12.  Thus, there is no advantage to having the Missouri Court Action immediately proceed to trial other than to benefit just one group --- Movants.

3

I hereby certify under penalty of perjury that the foregoing is true and correct.

/s/ Elliott Kattan

Elliott Kattan

Dated: October 18, 2021