# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| TARVISIUM HOLDINGS, LLC, and<br>45N12E, LLC,<br><br>    Plaintiffs/Counter Defendants,<br><br>v.<br><br>DUKAT, LLC,<br>36LOWER, INC.,<br>ELLIOTT KATTAN,<br>MOURAD ("MITCH") KATTAN, and<br>BEN SCHWARTZ,<br><br>    Defendants/Counter Plaintiffs,<br><br>v.<br><br>ANA PIEROPAN, and<br>MICHELE PIEROPAN,<br><br>    Third-Party Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | No. 4:19-CV-0086-DGK |

## ORDER STAYING CASE

This lawsuit arises from Plaintiffs' purchase of an e-Commerce business from Defendant Dukat, LLC ("Dukat"). Plaintiffs allege that Defendants used unlawful methods to induce Plaintiff Tarvisium Holdings, LLC ("Tarvisium") to buy the business, including misrepresenting the company's financial health during negotiations by inflating the company's historical sales and profitability. Defendants have counterclaimed against Plaintiffs and their principals for breach of the sales agreement by failing to make payments on promissory notes to buy the business.

The procedural posture of this case is as follows. On June 16, 2021, Defendant/Counter Plaintiff Dukat, LLC ("Dukat") filed a voluntary petition under Chapter 11 (Subchapter V) of the

United States Bankruptcy Code in the United States Bankruptcy Court for the District of New Jersey. As a result of that filing, this litigation was automatically stayed with respect to Dukat. The bankruptcy court subsequently extended the automatic stay to non-Debtors Elliott Kattan and Mourad Kattan, who are also Defendants in this case. The stay was not extended to Defendants/Counter Plaintiffs 36Lower, Inc. and Ben Schwartz.

A two-week jury trial in this case is currently set to begin December 13, 2021, and a pretrial conference is currently scheduled for November 22, 2021. Four sanctions-related motions are pending.

Now before the Court is Plaintiffs' Withdrawal of Jury Trial Demand. ECF No. 258. In it, Plaintiffs withdraw their demand for a jury trial, and note the following claims brought by Plaintiffs are currently not subject to any stay and remain for trial:

- Count I for Declaratory Judgment against Defendant 36Lower;

- Count II for Breach of Contract (Software Services Agreement) against Defendant 36Lower;

- Count III for Breach of the Covenant of Good Faith and Fair Dealing against Defendant 36 Lower;

- Count IV for Fraudulent Inducement against Defendant Schwartz; and

- Count V for Negligent Misrepresentation against Defendant Schwartz.

Plaintiffs note the following counterclaims brought by Defendants Schwartz and 36Lower are currently not subject to any stay and remain for trial:

- Count VII for Breach of Agreement (Software Services Agreement and Services Agreement) by Defendant 36Lower;

- County IX for Defamation by Defendant Schwartz; and

- Count VIII for Quantum Meruit by Defendant 36Lower.

Plaintiffs observe that if and when the stay is lifted as to Defendants Elliott and Mourad Kattan, the following claims against them remain for trial:

- Count IV for Fraudulent Inducement against Defendant Elliott Kattan;

- Count V for Negligent Misrepresentation against Defendant Elliott Kattan;

- Count VI for Tortious Interference against Defendant Elliott Kattan; and

- Count VII for Fraudulent Inducement/Misrepresentation against Defendant Mourad Kattan.

If the stay is lifted as to the Kattan Defendants, the following counterclaim remains for trial:

- Count IX for Defamation by Defendant Elliott Kattan.

Plaintiffs' summary of the status of the all the claims in this case is helpful.

When Dukat filed for bankruptcy, the Court's hope was that the bankruptcy proceeding would be resolved quickly, and a trial could occur in the current December setting. That plan is no longer viable. The Court has no desire to try this case in a piecemeal fashion, and so to preserve scarce judicial resources, the Court on its own motion stays this case pending resolution of the New Jersey bankruptcy proceeding. Once the bankruptcy stay is lifted, the Court will hold a scheduling conference, revisit Plaintiffs' withdrawal of their request for a jury trial, and take up any other issues the parties would like to address.

The Court directs Plaintiffs to file a status update every thirty days on the progress of the New Jersey Bankruptcy proceeding and any other developments in the case.

**IT IS SO ORDERED.**

Date:  October 15, 2021                         /s/ Greg Kays
                                                          GREG KAYS, JUDGE
                                                          UNITED STATES DISTRICT COURT