SCARINCI | HOLLENBECK
ATTORNEYS AT LAW

New York | New Jersey | Washington, D.C.

David Edelberg, Partner
dedelberg@sh-law.com
Direct Phone: 201.896.7701

October 19, 2021

**By ECF:**
Honorable Kathryn C. Ferguson, U.S.B.J.
United States Bankruptcy Court
District of New Jersey
Courtroom #2
402 East State Street
Trenton, NJ 08608

      **Re:**    **Dukat LLC**
            **Case No.: 21-14934 (KFC)**
            **Dukat, LLC v. Tarvisium Holdings, LLC**
            **Adv. Pro. No.: 21-01315**
            **Application of Tarvisium Holdings, LLC Seeking Relief From the Automatic Stay**
            **Hearing Date: October 26, 2021 @ 10:00 a.m.**

Dear Judge Ferguson:

Please be advised that this firm represents Benjamin Schwartz ("Schwartz") and 36Lower, Inc. ("36Lower") regarding the above referenced matters. Schwartz and 36Lower (collectively "Schwartz") respectfully object to the application (the "Motion") filed by Tarvisium Holdings, LLC and 45 N12E, LLC (collectively, "Tarvisium") seeking relief from the automatic stay for purposes of resuming litigation pending in the United States District Court for the Western District of Missouri, Western Division, Case Number: 4:19-cv-00086-CV-W-DGK (the "Missouri Action").

As will be demonstrated herein, the District Court for the Western District of Missouri, Western Division (the "Missouri Court") has recently stayed the Missouri Action on its own motion. In addition, the Missouri Action includes the Debtor's most valuable asset, *i.e.*, a $4,000,000.00 note due from Tarvisium to the Debtor (the "Note"). Moreover, Tarvisium has already agreed to jurisdiction in this court regarding the Missouri Action by filing an answer with counterclaims and third party claims, and further by filing a proof of claim regarding its various claims, counterclaims and third party claims.

Schwartz further notes that he does not currently have Missouri counsel and would be severely prejudiced if such action were to proceed to trial without an opportunity to retain successor counsel, and for such counsel to become familiar with the Missouri Action. Additionally, Schwartz has filed an answer to Tarvisium's third party claims asserted against Schwartz, which answer includes cross

Scarinci & Hollenbeck, LLC, 1100 Valley Brook Avenue, P.O. Box 790, Lyndhurst, New Jersey 07071 | Phone: 201-896-4100 | Fax: 201-896-8660 | www.sh-law.com

Honorable Kathryn C. Ferguson, U.S.B.J.
October 19, 2021
Page 2

claims against Dukat, LLC (the "Debtor") seeking contribution and indemnification from the Debtor in the event Schwartz is held liable in the Missouri Action. Thus, an adverse ruling against Schwartz by the Missouri Court will negatively impact the Debtor. For the foregoing reasons, Schwartz respectfully requests the entry of an order denying the Motion.

## STATEMENT OF FACTS

1. The Debtor filed a voluntary petition pursuant to Subchapter V of Chapter 11 on June 16, 2021 (the "Petition Date"). Mark Politan has been appointed as Subchapter V trustee herein.

2. Prior to the Petition Date, the Debtor and Schwartz were jointly represented by the same counsel in the Missouri Action. The Missouri Court has entered an order allowing such counsel to withdraw as counsel to the Debtor and Schwartz.

3. On July 13, 2021, the Debtor filed an Adversary Complaint (the "New Jersey Action") and an Order to Show Cause seeking to extend the automatic stay to the Missouri Action as it relates to Elliot and Mourad Kattan (collectively, the "Kattans").

4. Pursuant to an Order, dated August 19, 2021, this Court stayed the Missouri Action on an interim basis as to the Kattans.

5. On August 13, 2021, Tarvisium filed counterclaims and third party claims in the New Jersey Action, naming Schwartz and the Kattans as third party defendants. These counterclaims and third party claims mirror Tarvisium's claims asserted in the Missouri Action. Thus, Tarvisium has invoked the jurisdiction of this Court regarding all of its claims, counterclaims and third party claims.

6. On August 24, 2021, Tarvisium filed proof of claim number 10 with respect to its claims, counterclaims and third party claims, further subjecting such claims to the jurisdiction of this court. Tarvisium's claim asserted that it was due $860,598.24, or *less than 25% of the amount due from* Tarvisium to the estate pursuant to the Note.

7. On September 16, 2021, the Debtor filed its Plan of Reorganization, which is currently scheduled for a confirmation hearing on December 15, 2021.

8. By Order dated October 15, 2021, on its own motion the Missouri Court stayed the Missouri Action, recognizing the scarcity of judicial resources and the inefficiency of piecemeal litigation. A copy of the Missouri Court's October 15, 2021 order is annexed hereto as Exhibit A.

**SCARINCI HOLLENBECK**

Honorable Kathryn C. Ferguson, U.S.B.J.
October 19, 2021
Page 3

## THE DEBTOR, ITS ESTATE AND OTHER PARTIES IN INTEREST WILL BE SEVERELY PREJUDICED IF THE MISSOURI ACTION IS NOT STAYED

The Debtor, its estate, Schwartz and other parties in interest will be severely prejudiced should the Court grant the Motion and allow the Missouri Court to proceed to trial in the Missouri Action. Initially, the Debtor's most valuable asset consists of the Note, reflecting a balance of $4,000,000.00 due from Tarvisium. The value of the Note is more than four times greater than Tarvisium's proof of claim amount. The Debtor, its estate and the creditors herein will be severely prejudiced should this enormous asset be "removed" from the jurisdiction of this Court.

As reflected in Exhibit A, the Missouri Court previously scheduled a trial of the Missouri Action on December 13, 2021. In light of the absence of Missouri counsel for Schwartz, the Kattans, and the Debtor, such parties will be severely prejudiced should the Missouri Court proceed with such a trial, with only a limited opportunity for such parties to retain Missouri counsel and familiarize counsel with the Missouri Action.

As noted above, Tarvisium has elected to file counterclaims and third party claims against Schwartz and others in the New Jersey Action, which claims mirror the claims asserted by Tarvisium in the Missouri Action. Thus, Tarvisium has voluntarily invoked the jurisdiction of this Court regarding the Missouri Action. It is extraordinarily unfair for Schwartz to have to defend the Missouri Action in both Missouri and in New Jersey, while simultaneously having to retain successor counsel to defend the Missouri Action. This same prejudice also applies to the Kattans

Finally, it is significant to note that Schwartz has filed an answer to Tarvisium's third party claim, which includes crossclaims against the Debtor for contribution and indemnification. Thus, if the Missouri Action is permitted to proceed, an adverse ruling against Schwartz will negatively impact the Debtor. Consequently, Schwartz respectfully requests the entry of an order denying the Motion.

Respectfully Submitted,
SCARINCI HOLLENBECK, LLC

/s/ David Edelberg

David Edelberg

DE/em
Encls.
cc:     Benjamin Schwartz, Esq. (by email: benschwartz42@gmail.com)
        David Stein, Esq. (by email: dstein@wilentz.com)
        Daniel M. Stolz, Esq. (by email: dstolz@genovaburns.com)
        Mark J. Politan, Esq. (mpolitan@politanlaw.com)
        Seth M. Rosenstein, Esq. (by email: sm@ansellgrimm.com)
        Anthony J. D'Artiglio, Esq. (by email: ajd@ansellgrimm.com)

**SCARINCI HOLLENBECK**

4820-6989-0047, v. 2

# EXHIBIT A

**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION**

| | | |
|---|---|---|
| TARVISIUM HOLDINGS, LLC, and 45N12E, LLC, | ) ) ) | |
| Plaintiffs/Counter Defendants, | ) ) | |
| v. | ) ) | No. 4:19-CV-0086-DGK |
| DUKAT, LLC, 36LOWER, INC., ELLIOTT KATTAN, MOURAD ("MITCH") KATTAN, and BEN SCHWARTZ, | ) ) ) ) ) ) | |
| Defendants/Counter Plaintiffs, | ) ) | |
| v. | ) ) | |
| ANA PIEROPAN, and MICHELE PIEROPAN, | ) ) ) | |
| Third-Party Defendants. | ) | |

**ORDER STAYING CASE**

This lawsuit arises from Plaintiffs' purchase of an e-Commerce business from Defendant Dukat, LLC ("Dukat"). Plaintiffs allege that Defendants used unlawful methods to induce Plaintiff Tarvisium Holdings, LLC ("Tarvisium") to buy the business, including misrepresenting the company's financial health during negotiations by inflating the company's historical sales and profitability. Defendants have counterclaimed against Plaintiffs and their principals for breach of the sales agreement by failing to make payments on promissory notes to buy the business.

The procedural posture of this case is as follows. On June 16, 2021, Defendant/Counter Plaintiff Dukat, LLC ("Dukat") filed a voluntary petition under Chapter 11 (Subchapter V) of the

United States Bankruptcy Code in the United States Bankruptcy Court for the District of New Jersey.  As a result of that filing, this litigation was automatically stayed with respect to Dukat.  The bankruptcy court subsequently extended the automatic stay to non-Debtors Elliott Kattan and Mourad Kattan, who are also Defendants in this case.  The stay was not extended to Defendants/Counter Plaintiffs 36Lower, Inc. and Ben Schwartz.

A two-week jury trial in this case is currently set to begin December 13, 2021, and a pretrial conference is currently scheduled for November 22, 2021.  Four sanctions-related motions are pending.

Now before the Court is Plaintiffs' Withdrawal of Jury Trial Demand.  ECF No. 258.  In it, Plaintiffs withdraw their demand for a jury trial, and note the following claims brought by Plaintiffs are currently not subject to any stay and remain for trial:

- Count I for Declaratory Judgment against Defendant 36Lower;
- Count II for Breach of Contract (Software Services Agreement) against Defendant 36Lower;
- Count III for Breach of the Covenant of Good Faith and Fair Dealing against Defendant 36 Lower;
- Count IV for Fraudulent Inducement against Defendant Schwartz; and
- Count V for Negligent Misrepresentation against Defendant Schwartz.

Plaintiffs note the following counterclaims brought by Defendants Schwartz and 36Lower are currently not subject to any stay and remain for trial:

- Count VII for Breach of Agreement (Software Services Agreement and Services Agreement) by Defendant 36Lower;
- County IX for Defamation by Defendant Schwartz; and

2

- Count VIII for Quantum Meruit by Defendant 36Lower.

Plaintiffs observe that if and when the stay is lifted as to Defendants Elliott and Mourad Kattan, the following claims against them remain for trial:

- Count IV for Fraudulent Inducement against Defendant Elliott Kattan;

- Count V for Negligent Misrepresentation against Defendant Elliott Kattan;

- Count VI for Tortious Interference against Defendant Elliott Kattan; and

- Count VII for Fraudulent Inducement/Misrepresentation against Defendant Mourad Kattan.

If the stay is lifted as to the Kattan Defendants, the following counterclaim remains for trial:

- Count IX for Defamation by Defendant Elliott Kattan.

Plaintiffs' summary of the status of the all the claims in this case is helpful.

When Dukat filed for bankruptcy, the Court's hope was that the bankruptcy proceeding would be resolved quickly, and a trial could occur in the current December setting. That plan is no longer viable. The Court has no desire to try this case in a piecemeal fashion, and so to preserve scarce judicial resources, the Court on its own motion stays this case pending resolution of the New Jersey bankruptcy proceeding. Once the bankruptcy stay is lifted, the Court will hold a scheduling conference, revisit Plaintiffs' withdrawal of their request for a jury trial, and take up any other issues the parties would like to address.

The Court directs Plaintiffs to file a status update every thirty days on the progress of the New Jersey Bankruptcy proceeding and any other developments in the case.

**IT IS SO ORDERED.**

Date:   October 15, 2021                             /s/ Greg Kays
                                                     GREG KAYS, JUDGE
                                                     UNITED STATES DISTRICT COURT