| |
|---|
| **UNITED STATES BANKRUPTCY COURT DISTRICT OF NEW JERSEY** <br> **Caption in Compliance with D.N.J. LBR 9004-1(b)** <br><br> ANSELL GRIMM & AARON, P.C. <br> Joshua S. Bauchner, Esq. <br> Anthony J. D'Artiglio, Esq. <br> Seth M. Rosenstein, Esq. <br> Ansell Grimm & Aaron, P.C. <br> 365 Rifle Camp Road <br> Woodland Park, New Jersey 07424 <br> *Attorneys for Tarvisium Holdings, LLC and 45N12E, LLC* |

| | |
|---|---|
| In re: <br><br> DUKAT, LLC, <br><br> Debtor-in-Possession. | Case No.: 21-14934 (KCF) <br><br> Honorable Kathryn C. Ferguson, U.S.B.J. <br><br> Chapter 11 (Subchapter V) <br><br> **Hearing Date: November 23, 2021** |

**MEMORANDUM OF LAW IN OPPOSITION TO DEBTOR DUKAT, LLC'S MOTION TO FIX OR ESTIMATE CREDITORS TARVISIUM HOLDINGS, LLC AND <u>45N12E, LLC'S CLAIMS AT ZERO FOR VOTING PURPOSES</u>**

**TABLE OF CONTENTS**

Page(s)

TABLE OF AUTHORITIES ................................................................................................. i-ii

PRELIMINARY STATEMENT ................................................................................................1

LEGAL ARGUMENT .................................................................................................................2

    I.     Debtor's Motion Is Premature ................................................................................2

    II.    The Missouri Action Is The Best Forum To Fix The Claims ........................................4

    III.   Debtor Fails to Dispute Tarvisium's Claim ................................................................7

    IV.   In The Alternative, The Court Should Set A Briefing Schedule And
           Hearing Date To Fix Tarvisium's Claim ..................................................................11

CONCLUSION ............................................................................................................................12

# TABLE OF AUTHORITIES

Page(s)

**Federal Cases**

*In re Alessi*,
   2012 Bankr. LEXIS 1405 (Bankr. D.N.J. Mar. 28, 2012) ....................................................3, 9

*In re Allegheny Int'l, Inc.*,
   954 F.2d 167 (3d Cir. 1992) ..................................................................................................3

*In re Apex Oil Co.*,
   107 B.R. 189 (Banker. E.D. Mo. 1989) ................................................................................7

*Biolitec AG v. Cyganowski (In re Biolitec, Inc.)*,
   2013 U.S. Dist. LEXIS 178260 (D.N.J. Dec. 16, 2013) ......................................................3

*Bittner v. Borne Chemical Co.*,
   691 F.2d 134 (3d Cir. 1982) ..............................................................................................8, 11

*In re Bobe*,
   2021 Bankr. LEXIS 3001 (Bankr. D.N.J. Oct. 29, 2021) ....................................................9

*In re Dow Corning Corp.*,
   211 B.R. 545 (Bankr. E.D.Mi. 1997) ...................................................................................4

*In re Frascella Enters.*,
   360 B.R. 435 (Bankr. E.D. Pa. 2007) ...................................................................................3

*In re G-I Holdings, Inc.*,
   2006 Bankr. LEXIS 1959 (Bankr. D.N.J. Aug. 11, 2006) ................................................4, 12

*In re Handy & Harman Ref. Group, Inc.*,
   262 B.R. 211 (Bankr. D. Conn. 2001) ..................................................................................12

*In re Innovasystems, Inc.*,
   2014 Bankr. LEXIS 5103 (Bankr. D.N.J. Dec. 18, 2014) ................................................10, 12

*In re Kaplan*,
   186 B.R. 871 (Bankr. D.N.J. 1995) ....................................................................................8, 10

*Kool v. Coffey*,
   300 F.3d 340 (3d Cir. 2002) ..................................................................................................12

*In re LightSquared Inc.*,
　2014 Bankr. LEXIS 4577 (Bankr. S.D.N.Y. Oct. 30, 2014) ........................................................5

*In re Moreno*,
　341 B.R. 813 (Bankr. S.D. Fla. 2006)........................................................................................9

*In re Motel Associates of Cincinnati*,
　50 B.R. 196 (Bankr. S.D.N.Y. 1985) .........................................................................................3

*Nickels Midway Pier, LLC v. Wild Waves, LLC (In re Nickels Midway Pier, LLC)*,
　450 B.R. 58 (D.N.J. 2011) .......................................................................................................11

*In re Pac. Sunwear of Cal., Inc.*,
　2016 Bankr. LEXIS 2976 (Bankr. Del. Aug. 8, 2016) ......................................................3, 4, 8

*In re Trident Shipworks, Inc.*,
　247 B.R. 513 (Bankr. M.D. Fla. 2000) ................................................................................4, 11

*VFB LLC v. Campbell Soup Co.*,
　482 F.3d 624 (3d Cir 2007).......................................................................................................9

**Federal Statutes**

11 U.S.C.S. § 502(a) ................................................................................................................... 2-3

11 U.S.C.S. § 502(c) ................................................................................................................... 3-4

11 U.S.C.S. § 502(c)(1) .................................................................................................................10

11 U.S.C.S. § 501..........................................................................................................................2

11 U.S.C.S. § 701..........................................................................................................................2

**Rules**

Rule 3001(c)..................................................................................................................................9

Rule 3018 .............................................................................................................................. *passim*

ii

Creditors Tarvisium Holdings, LLC and 45N12E, LLC (collectively "Tarvisium") respectfully submit this memorandum of law in opposition to Debtor Dukat, LLC's (or "Debtor") Motion to Fix or Estimate Tarvisium's Claim at Zero for Voting Purposes (the "Motion").

## **PRELIMINARY STATEMENT**

Debtor impetuously files yet another Motion solely designed to frustrate Tarvisium's ability to participate in this Bankruptcy and have its claims expeditiously liquidated in the long-pending action captioned, *Tarvisium Holdings, LLC, et al. v. Dukat, LLC, et al.,* Case No. 4:19-cv-00086-CV-W-DGK (the "Missouri Action"). For the reasons set forth below, Debtor's Motion is without merit and may be summarily rejected by this Court.

First, Debtor's Motion is procedurally improper. To date, Debtor has not yet objected to Tarvisium's proof of claim, confirming that it must be allowed in its entirety for voting purposes. Unless and until Debtor files a legitimate objection to Tarvisium's proof of claim, there is no basis under the Bankruptcy Code and controlling authority to estimate an otherwise allowed claim for voting purposes.[1]

Second, Debtor has not demonstrated that allowing Tarvisium's claims in the Missouri Action to be liquidated would unduly delay the Bankruptcy. Indeed, as this Court is aware, the District Court in the Missouri Action is ready to try that action and has represented that it would immediately schedule a status conference and proceed to trial if the stay is lifted. Therefore, it would be more expedient to permit the claims to be liquidated in the Missouri Action rather than have this Court start from scratch to conduct a complicated estimation hearing. In either case, it

---

[1] If Debtor does file an objection prior to the plan confirmation hearing, Tarvisium respectfully requests that the Court adjourn the hearing to permit sufficient time for an objection hearing, claim liquidation in the Missouri Action or, in the alternative, to permit Tarvisium to file a motion to allow the claim for voting purposes pursuant to Rule 3018.

is a virtual certainty that plan confirmation will require a brief adjournment, thus the policy preference of liquidating rather than estimating claims should prevail.

<u>Third</u>, if this Court is inclined to estimate the claims at issue in the Missouri Action, Debtor has set forth no basis for fixing Tarvisium's proof of claim at zero. Debtor presents no evidence whatsoever to contradict Tarvisium's expert reports demonstrating their entitlement to a specific quantum of damages. As Debtor has utterly failed to carry its burden of presenting evidence to refute Tarvisium's claims, its motion must be denied. At a minimum, the Court must set a schedule to permit submission of evidence and motion papers arguing the substance of the claims in advance of an estimation hearing to ensure that the Court has sufficient evidence and opportunity to assess the merits of Tarvisium's claims (all of which, of course, the trial ready action in Missouri readily could resolve).

In light of the numerous defects set forth above, Debtor's Motion is meritless and must be denied accordingly.

## **LEGAL ARGUMENT**

### I. **Debtor's Motion Is Premature.**

Debtor has not filed any objection to Tarvisium's proof of claim, thus there is no basis for the Court to estimate or fix it at an amount lower than the proof of claim amount. 11 U.S.C.S. § 502(a) states:

> (a)  A claim or interest, proof of which is filed under section 501 of this title [11 USCS § 501], is deemed allowed, unless a party in interest, including a creditor of a general partner in a partnership that is a debtor in a case under chapter 7 of this title [11 USCS §§ 701 et seq.], objects.

2

Section 502(a) is clear that a claim is allowed ***unless*** there is an objection filed.[2] Because Debtor has not filed any objection to Tarvisium's claim, it retains the right to vote on plan confirmation for its allowed claim. No estimation motion is necessary to fix the amount of an otherwise allowed claim. *See In re Motel Associates of Cincinnati*, 50 B.R. 196, 199 (Bankr. S.D.N.Y. 1985) ("Having filed a proof of claim to which no party objected, [creditor's] claim should be deemed allowed unless, a hearing on notice to [creditor], the debtor can demonstrate that [creditor] has no 'claim' within the meaning of § 101(4) of the Code."); *see also In re Pac. Sunwear of Cal., Inc.,* 2016 Bankr. LEXIS 2976, *11-12 (Bankr. Del. Aug. 8, 2016) (holding there is no need to estimate a claim in the absence of an objection to a claim).[3]

Debtor's reliance on Rule 3018(a) to estimate Tarvisium's claims fares no better as it was still was required to file an objection to the proof of claim prior to filing this Motion. Rule 3018(a) states that: ***"[n]otwithstanding objection to a claim or interest***, the court after notice and hearing may temporarily allow the claim or interest in an amount which the court deems proper for the purpose of accepting or rejecting a plan." Rule 3018(a) (emphasis added); *see*

---

[2] "Section 502(c) provides for estimation to fix a claim which is contingent in nature so that its liquidation would unduly delay the administration of the case. However, estimation under § 502(c) determines distribution as well as voting rights." *In re Frascella Enters.*, 360 B.R. 435, 457, n. 46 (Bankr. E.D. Pa. 2007). Thus, it is not applicable to this Motion purely to estimate a claim for voting purposes.

[3] Debtor also cannot argue that its Motion to Estimate qualifies as an objection to the proof of claim. In order to object to a proof of claim and overcome the *prima facie* validity of a proof of claim, the "objecting party has the burden to produce evidence sufficient to negate the *prima facie* validity of the filed claim." *In re Alessi*, 2012 Bankr. LEXIS 1405, *3 (Bankr. D.N.J. Mar. 28, 2012) (citing *In re Allegheny Int'l, Inc.*, 954 F.2d 167, 173 (3d Cir. 1992)); *Biolitec AG v. Cyganowski (In re Biolitec, Inc.)*, 2013 U.S. Dist. LEXIS 178260, *7-8 (D.N.J. Dec. 16, 2013) ("In practice, the objector must produce evidence which, if believed, would refute at least one of the allegations that is essential to the claim's legal sufficiency."). Debtor produced **no evidence** refuting the liability for, or the amount of, the proof of claim, confirming that the Motion does not qualify as an objection.

3

*also Pac Sunwear*, 2016 Bankr. LEXIS 2976 at *11-12 (holding that an objection is necessary before a creditor can invoke Rule 3018(a) because the purpose of Rule 3018(a) is to enfranchise claimants).

Here, Debtor cannot invoke Rule 3018(a) -- which is generally invoked by creditors to attempt to enfranchise the creditor -- in the absence of an objection to the proof of claim, and certainly cannot attempt to misuse the Rule 3018(a) process to ***disenfranchise*** Tarvisium.

## II.     The Missouri Action Is The Best Forum To Fix The Claims.

To the extent that the Court is inclined to consider the Motion despite Debtor not filing an objection, the Court should still deny it, and instead permit the claims to be liquidated in the Missouri Action in advance of plan confirmation.  Section 502(c) provides:

> (c) There shall be estimated for purpose of allowance under this section—
> (1) any contingent or unliquidated claim, the fixing or liquidation of which, as the case may be, would unduly delay the administration of the case; or

11 U.S.C.S. § 502(c);[4] *see also In re G-I Holdings, Inc.*, 2006 Bankr. LEXIS 1959, *12 (Bankr. D.N.J. Aug. 11, 2006) ("Consequently, before a court orders an estimation proceeding, an initial determination must be made that liquidating the claim or claims would unduly delay the bankruptcy case.").  Furthermore, Court's have a preference for liquidating claims, rather than estimating claims, if at all possible.  *In re Dow Corning Corp.*, 211 B.R. 545, 563 (Bankr. E.D.Mi. 1997) ("Nonetheless, bankruptcy law's general rule is to liquidate, not to estimate. For

---

[4]    For the avoidance of doubt, Debtor is only seeking to estimate Tarvisium's proof of claim for voting purposes, not for distribution purposes, which would be inappropriate in light of the complexity of Tarvisium's claims.  *See In re Trident Shipworks, Inc.*, 247 B.R. 513, 514-15 (Bankr. M.D. Fla. 2000) (limiting estimating a claim to voting purposes only because the complexity of the claims rendering it "impossible to accomplish within the time frame fixed for confirmation" for "the ultimate determination of the amount to which the claimant would be entitled to be paid.").  Thus, section 502(c) should not apply to Debtor's Motion seeking solely to estimate for voting purposes.

estimation to be mandatory, then, the delay associated with liquidation must be 'undue'"). Thus, the need to estimate a claim shall only arise in circumstances where the fixing or liquidation of the claim "would unduly delay the administration the case," otherwise the Court's preference for liquidation should control.

Here, Debtor has not made a sufficient showing that fixing or liquidating the claims in the Missouri Action would unduly delay administration of the estate because Debtor has not presented *any argument whatsoever* that liquidating the claims in the Missouri Action would *unduly* delay these proceedings, confirming the Motion must be denied. *See In re LightSquared Inc.*, 2014 Bankr. LEXIS 4577, *19 (Bankr. S.D.N.Y. Oct. 30, 2014) (holding that a motion that does not address undue delay for purposes of estimating a claim has not satisfied the threshold question necessary for a Court to have authority to estimate a claim).

Not only has Debtor failed to address undue delay, but it inevitably would be faster for the claims to be liquidated in the trial-ready Missouri Action rather than estimated here.[5] As the Court in the Missouri Action stated in its October 15, 2021 Order, it will *immediately* schedule a status conference and move towards trial once the stay is lifted here. *See* Declaration of Richard Todd Ehlert ("Ehlert Decl."), **Exhibit A**. Furthermore, the trial will only take approximately 8 days (or less), confirming that if the claims are allowed to proceed to liquidation in the Missouri Action, it would be more expedient than doing so here, where (i) the Amended Complaint is subject to a motion to dismiss for, *inter alia*, lack of personal jurisdiction over multiple parties, (ii) issue has not joined, (iii) no discovery has been conducted, (iv) no depositions have been taken, and (v) nothing

---

[5] It would be cheaper for the estate as well, permitting it to litigate the claims with finality in one forum rather than engage in overlapping estimation and liquidation proceedings, in multiple fora.

5

has been done which would, in any way, permit the Court to engage in the required analysis. *See* Ehlert Decl. ¶ 5.

As a result, and as further set forth in Section IV, *infra*, if the claims in the Missouri Action require estimation by this Court, it is likely to be a lengthy process that cannot proceed appreciably faster. The claims are complex and document intensive, with trial expected to include approximately 15 witnesses and 300 exhibits. *See* Ehlert Decl. ¶¶ 3-4. Although an estimation hearing here would concededly be less expansive than a full trial, it would necessarily include the submission of voluminous documentary evidence, briefing, and likely testimony from at least some witnesses, confirming it would take significant time if the claims were estimated in this forum.

Furthermore, confirming that rather than estimate the claim the Court should permit the Missouri Action to proceed to trial with all due haste, Debtor's Plan is contingent upon receipt of payment alleged to be due and owing pursuant to a Note which arises out of the same transactional facts as Tarvisium's claims. *See* D.E. 48 at p. 1 and ¶ 2.2(c) ("The funds from recovery of the $4 Million promissory note, together with any net profits available from operations, will primarily be used to fund the Plan…" and "Class 2A shall receive payment from collection and recovery of a $4 Million seller finance promissory note…").[6] In addition to its claims against Tarvisium, Debtor also filed claims against Michele Pieropan, Ana Pieropan, and La Ferramenta, LLC which again arise out of the same transactional facts as Tarvisium's claims.[7] *See* Adv. Pr. D.E. 57. None of these claims may be estimated by this Court, confirming that

---

[6]  Query: If Debtor believes so strongly in its claim and the claim is essential to the plan, why is Debtor afraid to expeditiously liquidate the claim in the Missouri Action?

[7]  Furthermore, this Court likely does not have jurisdiction over these parties and these entities expressly reserve their right to dispute jurisdiction in this forum.

6

judicial economy would be much better served by **one proceeding** for liquidating all claims rather than wasting estate assets by addressing the same claims in multiple fora. *See In re Apex Oil Co.*, 107 B.R. 189, 193 (Banker. E.D. Mo. 1989) (holding that counterclaims by the debtor which "inextricably intertwine" with the claims sought to be estimated weighed in favor of liquidating all claims at once because that would be the "most logical, expeditions, and judicially economical method of disposing of the" claims by "a full trial of all claims and counterclaims in the District Court").

The matter at hand is similar to *Apex*, wherein the Court declined to estimate claims when they could be expediently liquidated in another forum. 107 B.R. at 192-93. There, the Court found that it would not unduly delay the Bankruptcy proceedings if the claims were liquidated several months later in a trial in the District Court. *See id.* at 193. The *Apex* Court also found that the Judge's "familiarity and expertise" in the pending action weighed in favor of liquidation in another forum rather than estimation, particularly because all of the related counterclaims (and the estimated claims) must be litigated **anyway** at some point; confirming that speedy liquidation, even if it would take several months, was preferable to estimation. *See id.*

Here, just like in *Apex*, the claims sought to be estimated are ready for trial in the Missouri Action and, even if it would be a couple of months before the claims can be tried to liquidation, this would not constitute undue delay necessary to require estimation of the claims at this premature juncture in advance of any predicate objection.

### III.    Debtor Fails to Dispute Tarvisium's Claim.

7

In the event this Court is inclined to estimate Tarvisium's proof of claim despite the procedural defects and pending Missouri Action, Debtor has not set forth any basis for disputing Tarvisium's claim amount, let alone a basis for fixing it at zero.

Bankruptcy Judges should utilize "whatever method is best suited to the particular contingencies at issue" for purposes of estimating a claim. *Bittner v. Borne Chemical Co.*, 691 F.2d 134, 135 (3d Cir. 1982). The "principal consideration must be an accommodation to the underlying purpose of the code." *Id.* If sufficient evidence could be submitted to provide a "reasonable estimate of the claim, the bankruptcy judge should determine the value" and, in so doing, "is bound by the legal rules which may govern the ultimate value of the claim." *Id.* The "court must determine the value of the claim according to the best estimate of the claimant's chance of ultimately succeeding in a state court action." *In re Kaplan*, 186 B.R. 871, 874 (Bankr. D.N.J. 1995). A "determination under Rule 3018 should ensure that the voting power is commensurate with the creditor's economic interests in the case" and can make that determination by assessing "the probabilities of success on the merits and discount[ing] the claim appropriately." *Pac Sunswear*, 2016 Bankr. LEXIS 2976 at *9.

Here, Debtor makes no arguments whatsoever as to Tarvisium's chance of success in the Missouri Action, instead appearing to argue that merely because the proof of claim is unliquidated it should be fixed at zero. Debtor does not present any evidence whatsoever challenging liability or the damages calculation in support of Tarvisium's proof of claim.[8] Instead Debtor merely superficially challenges Tarvisium's evidence in support of the proof of

---

[8] Debtor does allude to the alleged $4 million Note as an "offset" but presents no evidence or argument substantiating its entitlement to payment of the Note, let alone evidence to counter Tarvisium's claim that the Note was invalidated as a result of Debtor's fraud.

8

claim which includes two sworn expert reports which Debtor has not challenged in this Motion.[9] Tarvisium's expert reports detail its entitlement to damages and the quantum of damages through painstaking detail which, combined with Tarvisium's reference to the claims in the Missouri Action, provide Debtor clear notice of, and substantial evidence in support of the proof of claim. *See* Claim 10. Thus, because Debtor has not submitted any evidence whatsoever to rebut Tarvisium's claims, there is no basis for estimation at a number lower than Tarvisium's well-substantiated proof of claim. *VFB LLC v. Campbell Soup Co.*, 482 F.3d 624, 636 (3d Cir 2007) (holding that a debtor must present actual evidence to rebut a claim, not merely submit unsupported assertions).

Notwithstanding the above, even if Debtor is correct that Tarvisium's evidence in support of the proof of claim is insufficient, this would not be a basis for estimating it at zero for voting purposes, particularly in the absence of any counter evidence from Debtor. In any event, the lack of supporting documentation is not a valid basis for disallowance of a proof of claim. *See Alessi*, 2012 Bankr. LEXIS 1405 at *4-6 ("The vast majority of courts have held that a creditor's mere failure to fully comply with the documentary requirements in Rule 3001(c) does not provide a basis for objection to, or disallowing, a claim" and that "§ 502(b), sets out the exclusive exceptions for disallowance of a claim. These exceptions do not include disallowance based on a lack of documentation.") (citing *In re Moreno*, 341 B.R. 813, 817 (Bankr. S.D. Fla. 2006); *see also In re Bobe*, 2021 Bankr. LEXIS 3001, *14-15 (Bankr. D.N.J. Oct. 29, 2021) (same).

---

[9] Debtor bizarrely complains that the expert reports do not include exhibits, failing to appreciate that Tarvisium did not attach the voluminous exhibits so as not to burden the Court and because Debtor has the complete expert reports, with exhibits, through their production in the Missouri Action. Notwithstanding the above, Tarvisium will provide the expert reports with exhibits upon the Court's request.

9

Therefore, if the Court finds that Tarvisium's evidence in support of its proof of claim is somehow lacking, the appropriate procedure is for the Court to set deadlines for submission of additional evidence in advance of an estimation hearing as set forth in Section IV, *infra*. Thereafter, the Court may then assess the appropriate value of Tarvisium's claims in the Missouri Action based on the likelihood they will succeed on the merits, and not merely disallowing the proof of claim entirely based on the assertions of Debtor untethered from any evidentiary support.

Indeed, cases where Courts have estimated claims at zero for voting purposes confirm that it would be inappropriate to do so in this instance. *See In re Innovasystems, Inc.*, 2014 Bankr. LEXIS 5103, *21-24 (Bankr. D.N.J. Dec. 18, 2014) (fixing the claim at zero for voting purposes because the State Court dismissed creditor's claims); *see also Kaplan*, 186 B.R. at 878 ("Since debtors are not liable under the Guaranties and CBNY most likely would not succeed on a state court action, the court estimates CBNY's claim at zero pursuant to 11 U.S.C. § 502(c)(1).").

Here, there has not been any determination in another forum that Tarvisium's claims lack merit nor has this Court been afforded the opportunity to conduct any analysis as to whether Tarvisium's claims are unlikely to succeed -- remarkably, **Debtor does not even argue the claims are unlikely to succeed**, instead merely asserting the proof of claim is contingent and thus must be fixed at zero. Debtor has not cited any blanket rule establishing that contingent or unliquidated claims should be fixed at zero as a matter of law, confirming that Debtor's Motion falls well short of its evidentiary burden necessary to estimate the proof of claim at zero, compelling denial.

10

**IV.  In The Alternative, The Court Should Set A Briefing Schedule And Hearing Date To Fix Tarvisium's Claim.**

In the remarkable event that the Court does not reject this Motion out of hand, or permit the claims to be liquidated in the Missouri Action, the Court cannot adjudicate the estimation application on the barren record submitted by Debtor. Indeed, as set forth in Section II, *supra*, evaluating Tarvisium's claims in the Missouri Action is a complex, fact-sensitive analysis that requires submission of evidence by the parties, briefing on the Missouri law underpinning Tarvisium's claims, and evidentiary hearings to permit the Court to properly assess the merits of the claims. Because Debtor has not filed an objection to Tarvisium's proof of claim, and Debtor's "analysis" of the claim in the Motion is confined to a single paragraph which does not address the substance of Tarvisium's claims, there simply is an insufficient record to permit Tarvisium to respond to any objections to its proof of claim or to allow the Court to properly assess the claims for estimation purposes.

Indeed, Courts ***routinely*** set a schedule for detailed briefing and hearings after filing of an estimation motion because the estimation analysis necessarily requires a fact-intensive inquiry. *See, e.g., Trident*, 247 B.R. at 515 (directing the parties to submit documentation regarding the merits of the claims for estimation purposes and, if necessary, holding an evidentiary hearing subsequent to the paper submissions); *see also Bittner v. Borne Chemical Co.*, 691 F.2d at 135 (establishing guidelines for an estimation hearing which included submission of evidence at the hearing, submission of relevant pleadings and other documents from the state court litigation, briefing, and oral argument); *Nickels Midway Pier, LLC v. Wild Waves, LLC (In re Nickels Midway Pier, LLC)*, 450 B.R. 58, 61 (D.N.J. 2011) (permitting claimant to first present evidence of its claims, including expert opinion, on an expedited basis

11

before then permitting debtor to do the same); *Kool v. Coffey*, 300 F.3d 340, 357 (3d Cir. 2002) (approving a subsequent "trial on the papers" for purposes of estimating a claim); *In re Handy & Harman Ref. Group, Inc.*, 262 B.R. 211 (Bankr. D. Conn. 2001) (conducting an evidentiary hearing over multiple days for purposes of estimation of a claim); *In re G-I Holdings, Inc.*, 2006 Bankr. LEXIS 1959 at *89 (permitting motion practice and hearings following an estimation motion); *In re Innovasystems, Inc.* 2014 Bankr. LEXIS 5103 at * 21 (fixing claim after the "submission of thorough pleadings by the parties" and conducting a hearing where "[b]oth bankruptcy counsel and counsel intimately familiar with the patent litigation were present and made their arguments").

The consistent thread throughout ***all of these cases*** is affording the parties sufficient time and opportunity -- *i.e.*, Due Process -- to present detailed evidence of the viability of the claims in question prior to fixing a value on the claim for estimation purposes. Therefore, in the event that the Court is inclined to permit estimation of Tarvisium's proof of claim, it is respectfully requested that the Court first set a schedule for submission of detailed briefing and evidence of the value of the claims in advance of an estimation hearing.

## CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court deny Debtor's Motion to Estimate Tarvisium's claim at $0.00, and grant such other, further, and additional relief as the Court deems just and proper.

Dated: Woodland Park, New Jersey
       November 16, 2021

ANSELL GRIMM & AARON, P.C.

*s/ Joshua S. Bauchner*
Joshua S. Bauchner, Esq.
Anthony J. D'Artiglio, Esq.
Seth M. Rosenstein, Esq.

12

          365 Rifle Camp Road
          Woodland Park, New Jersey 07424
          Tel: (973) 247-9000
          Fax: (973) 247-9199
          *Attorneys for Tarvisium Holdings, LLC and 45N12E, LLC*