# WILENTZ
— ATTORNEYS AT LAW —

**DAVID H. STEIN, ESQ.**

T: 732.855.6126
F: 732.726.6570
dstein@wilentz.com

90 Woodbridge Center Drive
Suite 900 Box 10
Woodbridge, NJ 07095-0958
732.636.8000

December 9, 2021

**VIA ECF**
Honorable Kathryn C. Ferguson, U.S.B.J
United States Bankruptcy Court
District of New Jersey
Clarkson S. Fisher Federal Building and
United States Courthouse
402 East State Street
Trenton, NJ  08608

Re:    **Dukat LLC -- Chapter 11 (Subchapter V)**
       **Case No.: 21-14934 (KCF)**

Dear Judge Ferguson:

This law firm represents Dukat, LLC (the "Debtor"), the Debtor in the above referenced Chapter 11 (Subchapter V) proceeding. Please accept this letter brief in lieu of a more formal brief submitted in further support of Debtor's Motion to Estimate and/or Fix Claim of Tarvisium Holdings, LLC and 45N12E, LLC Pursuant to 11 U.S.C. §502(c)(1) and Fed. R. Bankr. P. 3018(a) (the "Motion"), and in response to the opposition thereto [Docket No.: 81] filed by Tarvisium Holdings, LLC and 45N12E, LLC (together, "Tarvisium"), which Motion is currently returnable for hearing on **December 15, 2021**.

United States Bankruptcy Court
December 9, 2021
Page 2

## PROCEDURAL HISTORY

On June 16, 2021 (the "Petition Date"), the Debtor filed its voluntary Chapter 11 petition under Subchapter V of the Bankruptcy Code. The Debtor continues to manage its affairs as a debtor-in-possession pursuant to Bankruptcy Code Sections 1107(a) and 1108.

On September 16, 2021, the Debtor filed its Subchapter V Plan of Reorganization. Plan confirmation is currently scheduled for hearing on December 15, 2021 and the deadline for filing claims has been designated as December 8, 2021.

On August 24, 2021, Tarvisium filed a combined Proof of Claim with the Court in the amount of $8,629,598.24 (the "Tarvisium Claim").

As part of its ongoing review of filed claims, the Debtor has reviewed the Tarvisium Claim and has concluded that such claim should be estimated and/or fixed at zero (-0-) for confirmation and voting purposes pursuant to 11 U.S.C. § 502(c)(1) and Fed. R. Bank. P. 3018(a). The Tarvisium Claim was not only disputed by the Debtor in its Schedules, it is subject to litigation instituted by the Debtor in an adversary proceeding and, on its face, is unliquidated, contingent and estimated by the proponent of that claim. The Tarvisium Claim has never been adjudicated in any forum and, accordingly, should be fixed at zero (-0-) for confirmation and voting purposes so that confirmation may proceed and not be unduly delayed.

## BACKGROUND

In 2018, the Debtor sold a segment of its business, with assets consisting primarily of proprietary software and other intellectual property ("IP"), to Tarvisium in order for those parties to acquire and operate an internet sales company. The sale was memorialized through an Amended and Restated Asset Purchase Agreement dated July 23, 2018, which specified a purchase price of $5

Million, with $1 Million being paid at closing and the balance to be paid through a $4 Million seller financed promissory note (the "Promissory Note"). The Promissory Note required monthly installment payments through July 1, 2026 and was secured by a Security Agreement which provided for automatic reversion of the assets' ownership and control in the event of a payment default under the Promissory Note.

A post-closing dispute occurred between the Debtor and Tarvisium, resulting in the filing of a pre-emptive lawsuit styled as <u>Tarvisium Holdings, LLC, and 45N12E, LLC, v. Dukat, LLC, et al.</u> in the United States District Court for the Western District of Missouri, Western Division (Kansas City), Case No. 4:19-cv-00086 (the "Missouri District Court Action"), in which Tarvisium claimed that the Debtor and its principals had breached the Amended and Restated Asset Purchase Agreement and had perpetrated a fraud based upon previous sales figures.

On June 16, 2021, the Debtor filed a petition under Chapter 11, Subchapter V in the United States Bankruptcy Court for the District of New Jersey (the "Bankruptcy Court").

On July 13, 2021, the Debtor filed an Adversary Proceeding in the New Jersey Bankruptcy Court, seeking to enjoin Tarvisium and 45N12E from continuing the Missouri District Court Action during the pendency of this chapter 11 case and seeking damages for willful violation of the Automatic Stay involving the continued prosecution of the claims against the Debtor by Tarvisium in the Missouri District Court Action after the Petition Date and despite Tarvisium having received notice of the filing of the Debtor's petition. The Adversary Proceeding also seeks equitable subordination of any claim held by Tarvisium, which is the very Proof of Claim filed by Tarvisium in this proceeding.

#12765512.1

On August 13, 2021, Tarvisium filed a Counterclaim and Third-Party Claim in the Adversary Proceeding, alleging a bankruptcy nondischargability claim, together with the various claims alleged and previously plead in the Missouri District Court Action. Given the filing of these claims before the Bankruptcy Court and the required joinder requirements for claims and parties under the Federal Rules, and in order to create a level playing field for the benefit of Debtor's estate and its creditors, the Debtor, with leave of the Bankruptcy Court, filed an Amended Adversary Complaint on October 28, 2021. The Amended Adversary Complaint alleges additional claims brought in the context of the pre-petition business activities between the Debtor and defendants, including those additional "core-type" claims founded upon recovery under the Uniform Fraudulent Conveyance Act ("UFTA"), as well as under Section 548 of the Bankruptcy Code to recover assets and/or damages resulting from the improper transfer of IP and/or assets to another company, La Ferramenta, LLC, a Delaware limited liability company and an alter-ego of the defendants. In addition, and inlight of Tarvisium's default of their payment obligations due and owing to the Debtor under the $4 Million Promissory Note, the Amended Adversary Complaint further seeks to foreclose upon Debtor's security interest in the assets pledged by Tarvisium to the Debtor, which were transferred to La Ferramenta, LLC, or, perhaps, to others.

The Debtor's claims against Tarvisium, and 45N12E, in addition to its claims against Tarvisium's principals, Michele Pieropan and Ana Pieropan, who have since been joined in the Adversary Proceeding together with La Ferramenta, LLC, sound in breach of contract, fraud, fraud in the inducement, copyright infringement and misrepresentation.

As previously noted, in connection with the purchase, Tarvisium executed a Promissory Note in the amount of $4 Million in favor of the Debtor. It was Tarvisium's failure to fulfill their

#12765512.1

obligations under said Promissory Note which led to the filing of the within bankruptcy proceeding. Tarvisium made the initial payments required under the Promissory Note on October 15 and November 15, 2018; however they have failed to make any payment required by the terms of the Promissory Note since November, 2018.

## LEGAL ARGUMENT

Contrary to the conjecture of Tarvisium, the intent of the Motion is not to frustrate Tarvisium's ability to participate in the Debtor's Bankruptcy proceeding but, rather, to have the Court make a determination regarding certain rights granted to the Debtor under the Bankruptcy Code which permit the Court to estimate a claim so as to not unduly delay confirmation. Through the filing of within Motion, Dukat does not seek to disenfranchise Tarvisium of its claim, but rather to advance the confirmation process.

Section 502(b) of the Bankruptcy Code provides that:

> the court, after notice and a hearing, shall determine the amount of [a] claim in lawful currency of the United States as of the date of the filing of the petition, and shall allow such claim in such amount, except to the extent that . . . such claim is unenforceable against the debtor and property of the debtor, under any agreement or applicable law for a reason other than because such claim is contingent or unmatured.

The Bankruptcy Code specifically authorizes the Court to establish a procedure for estimating claims whenever the liquidation of such claims will unduly delay the administration of the case. Courts which have had to estimate claims have adopted a variety of approaches based upon what the court concluded was fair under the particular circumstances. <u>Bittner v. Borne Chemical Co., Inc</u>., 691 F.2d 134, 135-136 (3d Cir. 1982); <u>In re G-I Holdings, Inc</u>., 323 B.R. 583, 598-599 (Bankr. D. NJ 2005).

Here, Tarvisium itself qualifies its claim as being "**[u]nliquidated and subject to the adversary proceeding**" (emphasis supplied), as evidenced by its filed Proof of Claim on page 2,

#12765512.1

question 7.  In addition, the Debtor Scheduled the Tarvisium Claim as unliquidated, contingent and disputed in its Chapter 11 Schedules and Statement of Financial Affairs. Furthermore, the Tarvisium Claim is most certainly subject to a bona fide dispute, as evidenced by the currently pending Adversary Proceeding filed in this matter.  Said claim has never been fixed or liquidated by adjudication in any court proceeding, and is wholly contingent and unliquidated based upon a damage estimate/range as set forth in the Tarvisium Claim itself.  It is certainly appropriate for the Court to review the pleadings filed in both the Adversary Proceeding and in this Chapter 11 proceeding to confirm that the Tarvisium claim maybe estimated at zero (0) for voting and confirmation purposes given Tarvisium's default under the $4 Million Promissory Note, the proofs establishing Tarvisium's violation of the Automatic Stay, and the fact that Tarvisium has filed a Proof of Claim that is **"[u]nliquidated and subject to the adversary proceeding"**. The Court need not conduct a mini-trial on the Tarvisium Claim. Rather, the Court may review the pleadings and the record of these proceedings and may fix the Tarvisium Claim so as to not unduly delay the outcome under the Plan or the confirmation hearing.

Tarvisium's assertion that the Motion is premature is also without basis. D.N.J. LBR 3007-1 provides as follows regarding an objection to a claim:

(a)   <u>Procedure</u>.  An objection to the allowance of a claim must be brought by motion **or adversary proceeding.** (emphasis added)

(b)   <u>Time for filing</u>.  A motion or adversary proceeding objecting to a claim must be filed by the later of:

   (1)   60 days after the entry of the order confirming plan; or
   (2)   60 days after the claim is filed or amended.

United States Bankruptcy Court
December 9, 2021
Page 7

With respect to the filing of an objection to a claim, Fed. R. Bankr. P. 3007(a) provides, in pertinent part, as follows:

(a) *Time and Manner of Service.*
(1)  *Time of Service*. An objection to the allowance of a claim and a notice of objection that substantially conforms to the appropriate Official Form shall be filed and served at least 30 days before any scheduled hearing on the objection or any deadline for the claimant to request a hearing.

In this instance, the Tarvisium Claim is already the subject of a pending adversary proceeding, thus constituting an objection and satisfying the requirements of D.N.J. LBR 3007-1. Furthermore, a complaint satisfies the requirements of Fed.R.Bankr.P. 3007(a) requiring that an objection to the allowance of a claim be filed and served on the claimant at least 30 days prior to any hearing. Dobin v. Richardson Indus. Contractors, Inc. (In re Richardson Indus. Contractors, Inc.), 2006 WL 4452983, at *1 (Bankr. D.N.J. April 24, 2006).  As this Court has previously noted in its written opinion in a previous case:

> The adversary proceeding itself is an objection to the proof of claim. Fed. Rule Bankr. Proc. 3007 requires only that an objection to the allowance of a claim be in writing and filed, and served on the claimant at least 30 days prior to any hearing. A complaint certainly fulfills those requirements. Moreover, Fed. R. Bankr. Proc. 3007 expressly contemplates that an objection combined with a request for other relief be treated as an adversary proceeding. Many courts have held, with little fanfare or discussion, that an objection to a claim may be contained within an adversary proceeding. See, e.g. *Greenblatt v. Steinberg*, 399 B.R. 458 (N.D.Ill.2006); *MC Asset Recovery, LLC v. Southern Co.,* 339 B.R. 380 (N.D.Tx 2006). The court in *In re Lexington Healthcare Group, Inc.*, 2006 WL 771325, *6 (Bkrtcy.D.Del.), expressly rejected the argument made by TSM & M here in holding that "[t]he fact that adding a claim under Rule 7001 to an objection to a claim requires all be heard as an adversary proceeding does not mean that an objection to a claim alone cannot be heard as an adversary proceeding.

Richardson, at *1.

Here, the Debtor's Adversary Complaint has not only been pending for almost 5 months, Tarvisium has answered that Adversary Complaint, has filed a Counter-Claim and has joined

#12765512.1

additional parties to the Adversary Proceeding by way of Third-Party Complaint. Accordingly, Tarvisium has not only received and acknowledged ample notice of the Debtor's objection to the Claim, it has been afforded every degree of due process benefitting a litigant in a contested matter.

Moreover, the filing of the Adversary Complaint was and is the procedurally proper way for the Debtor to assert its objection, as a court may decline to hear an objection to a claim insofar as the objecting party seeks relief requiring an adversary proceeding, such as equitable relief or a declaratory judgment, as is the case in the instant matter. In re Congoleum Corp., 2007 WL 2177680, at *1 (Bankr. D.N.J. July 27, 2007).

Tarvisium's contention that liquidation of its claims in the Missouri District Court Action would not unduly delay the within bankruptcy proceeding is disingenuous at best. Despite the assertions made by Tarvisium, the Missouri District Court Action is not ready to proceed to trial. As previously noted in these proceedings, as the result of the July 16, 2021 Order entered in the Missouri District Court Action, neither the Debtor nor its principals currently have legal representation in that matter. At best, additional time will be required for new trial counsel to be retained and to be afforded the opportunity to become familiar with the Missouri District Court Action and the issues involved therein. Furthermore, the Missouri District Court has removed the Missouri District Court Action from its active trial calendar. As the matter at this time has been stayed by the Missouri District Court, it is anticipated that, if restarted, the case would not proceed to trial until the second quarter of 2022, subject to a continued pre-trial hearing.

Allowing liquidation of the Tarvisium Claim to proceed in litigation currently pending in Missouri would frustrate the clear intent of a Subchapter V proceeding by delaying confirmation, to the detriment of Debtor's other creditors.

#12765512.1

Estimation of the Tarvisium claim at this time is not only proper, it is necessary. On its face, the Tarvisium Claim is contingent and unliquidated, never having been finally adjudicated by any court. Indeed, Tarvisium has filed an Answer, Counterclaim and Third-party Claim to Debtor's Adversary Complaint, seeking just such adjudication and determination of damages. Furthermore, the Debtor holds claims against Tarvisium, including, among other things, its failure to perform under the $4 Million Promissory Note, to which there has been no denial of execution or of default. Tarvisium's argument that a separate objection to its claim must be filed is without merit, as said claim remains the subject of dispute in the Adversary Proceeding. Tarvisium will receive all due process within the context of that lawsuit.

The Debtor seeks to estimate the Tarvisium Claim at this time for voting and confirmation purposes only – it is not requesting a final determination regarding the claim, nor is confirmation the proper forum to do so. The provisions of a Subchapter V bankruptcy proceeding were intended to create a timely and streamlined process of reorganization for a small business debtor. Again, allowing liquidation of the Tarvisium Claim to proceed, either before this Court prior to confirmation or in litigation currently pending in Missouri, would frustrate the clear intent of a Subchapter V proceeding by delaying confirmation, to the detriment of Debtor's other creditors. Conversely, estimation of the Tarvisium Claim by this Court prior to confirmation would ensure that confirmation of the Debtor's Chapter 11 Plan proceeds without undue delay in the administration of the Chapter 11 case and would allow the assets of the estate to be appropriately distributed in the correct amounts and pursuant to the priority order set forth in the Bankruptcy Code.

## CONCLUSION

For all of the foregoing reasons, Dukat, LLC, the Debtor and Debtor-in-Possession, respectfully requests that the Court enter an order granting the relief requested in the Motion and for such other and further relief as the Court may find that is just and proper under the circumstances.

Respectfully submitted,

**WILENTZ, GOLDMAN & SPITZER, P.A.**
*Attorneys for Dukat, LLC*


By: /s/ *David H. Stein*
　　DAVID H. STEIN

DS/me

#12765512.1